# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| TRUE VIEW SURGERY CENTER ONE, LP; OPREX SURGERY (HOUSTON), LP; LCS SURGICAL AFFILIATES, LP; PASNAR HOUSTON, LLC; OPREX SURGERY (BEAUMONT), LP; and OPREX ASC BEAUMONT, LLC | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>_____ |
| vs. | §<br>§ | |
| MILA NATIONAL HEALTH PLAN, DAVID F. ADAM & BENNY HOLLAND, AS PLAN ADMINISTRATORS OF MILA NATIONAL HEALTH PLAN; STEWART & STEVENSON HEALTH & WELFARE BENEFIT PLAN, RACHEL KOENIG, AS PLAN ADMINISTRATOR OF STEWART & STEVENSON HEALTH & WELFARE BENEFIT PLAN; SCHLUMBERGER GROUP WELFARE BENEFITS PLAN, MARGARET BAILEY, AS PLAN ADMINISTRATOR OF SCHLUMBERGER GROUP WELFARE BENEFITS PLAN; NATIONAL OILWELL VARCO GROUP WELFARE PLAN, MARY BIRK, AS PLAN ADMINISTRATOR OF NATIONAL OILWELL VARCO GROUP WELFARE PLAN; SODEXO, INC. MEDICAL BENEFITS PLAN, PETER A. KIDD, AS PLAN ADMINISTRATOR OF SODEXO, INC. MEDICAL BENEFITS PLAN; VALERO ENERGY CORPORATION FLEX BENEFITS PLAN, PAT GOYNES, AS PLAN ADMINISTRATOR OF VALERO ENERGY CORPORATION FLEX BENEFITS PLAN; BASF CORPORATION EMPLOYEE BENEFIT PLAN, GEORGE H. MUSKAL, AS PLAN ADMINISTRATOR OF BASF CORPORATION EMPLOYEE BENEFIT | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

PLAN; HCA INC. HEALTH AND                        §
WELFARE BENEFITS PLAN, SABRINA                   §
RUDERER, AS PLAN ADMINISTRATOR                   §
OF HCA INC. HEALTH AND WELFARE                   §
BENEFITS PLAN; ACADEMY, LTD.                     §
WELFARE BENEFIT PLAN, WILLIAM                    §
ENNIS, AS PLAN ADMINISTRATOR OF                  §
ACADEMY, LTD. WELFARE BENEFIT                    §
PLAN; AGGREKO, LLC HEALTH                        §
BENEFITS PLAN, LUKE PRETTOL, AS                  §
PLAN ADMINISTRATOR OF AGGREKO,                   §
LLC HEALTH BENEFITS PLAN; WASTE                  §
MANAGEMENT HEALTH AND WELFARE                    §
BENEFITS PLAN, GORDON BLASIUS, AS                §
PLAN ADMINISTRATOR OF WASTE                      §
MANAGEMENT HEALTH AND WELFARE                    §
BENEFITS PLAN; TESCO CORPORATION                 §
US, COURTNEY ANDERSON, AS PLAN                   §
ADMINISTRATOR OF TESCO                           §
CORPORATION US; EMPLOYEE                         §
BENEFIT PLAN OF HAPAG-LLOYD                      §
AMERICA INC., MICHAEL STILLITANO,                §
AS PLAN ADMINISTRATOR OF                         §
EMPLOYEE BENEFIT PLAN OF HAPAG-                  §
LLOYD AMERICA INC.; SASOL NORTH                  §
AMERICA INC WELFARE BENEFIT                      §
PLAN, TANYA FILLA, AS PLAN                       §
ADMINISTRATOR OF; SASOL NORTH                    §
AMERICA INC WELFARE BENEFIT                      §
PLAN; FLUOR FEDERAL SOLUTIONS,                   §
LLC HEALTH & WELFARE PLAN, ERIC                  §
BEST, AS PLAN ADMINISTRATOR OF                   §
FLUOR FEDERAL SOLUTIONS, LLC                     §
HEALTH & WELFARE PLAN;                           §
SELECTRANSPORTATION RESOURCES,                   §
LLC WELFARE BENEFIT PLAN, JOHN                   §
ELLSWORTH, AS PLAN                               §
ADMINISTRATOR OF                                 §
SELECTRANSPORTATION RESOURCES,                   §
LLC WELFARE BENEFIT PLAN; TEXAS                  §
OIL & CHEMICAL CO II, INC. WELFARE               §
BENEFITS PLAN, SHARON                            §
OVERSTREET, AS PLAN                              §
ADMINISTRATOR OF TEXAS OIL &                     §
CHEMICAL CO II, INC. WELFARE                     §
BENEFITS PLAN; MERCURIA ENERGY                   §

TRADING, INC. EMPLOYEE BENEFITS          §
PLAN, AGNIESZKA KOTAROWSKI, AS           §
PLAN ADMINISTRATOR OF MERCURIA           §
ENERGY TRADING, INC. EMPLOYEE            §
BENEFITS PLAN; THE JPMORGAN              §
CHASE HEALTH & INCOME                    §
PROTECTION PLAN FOR ACTIVE               §
EMPLOYEES, BERNADETTE J.                 §
BRANOSKY, AS PLAN ADMINISTRATOR          §
OF THE JPMORGAN CHASE HEALTH &           §
INCOME PROTECTION PLAN FOR               §
ACTIVE EMPLOYEES; STRONGHOLD             §
LTD. HEALTH AND WELFARE PLAN,            §
CHERYL WYATT, AS PLAN                     §
ADMINISTRATOR OF STRONGHOLD              §
LTD. HEALTH AND WELFARE PLAN;            §
THE COMPANY OF OTHERS CAFETERIA          §
PLAN, BRECK TEMPLETON, AS PLAN           §
ADMINISTRATOR OF THE COMPANY OF          §
OTHERS CAFETERIA PLAN; CBRE              §
GROUP INSURANCE PLAN, KELLY              §
POOL, AS PLAN ADMINISTRATOR OF           §
CBRE GROUP INSURANCE PLAN;               §
DRILLTEC HEALTH AND WELFARE,             §
TIM O'GRADY, AS PLAN                       §
ADMINISTRATOR OF DRILLTEC                §
HEALTH AND WELFARE; HUNTING              §
ENERGY SERVICES EMPLOYEE                 §
BENEFIT PLAN, LOUISE FLORES, AS          §
PLAN ADMINISTRATOR OF HUNTING            §
ENERGY SERVICES EMPLOYEE                 §
BENEFIT PLAN; THE SUN PRODUCTS           §
CORPORATION WELFARE BENEFITS             §
PLAN, E. RENEE TEHI, AS PLAN             §
ADMINISTRATOR OF THE SUN                 §
PRODUCTS CORPORATION WELFARE             §
BENEFITS PLAN; PERRY HOMES LLC           §
HEALTH AND LIFE PLAN, DEBABRATA          §
NANDI, , AS PLAN ADMINISTRATOR OF        §
PERRY HOMES LLC HEALTH AND LIFE          §
PLAN; SABINE NECHES HEALTH &             §
WELFARE FUND, STEVE HOOKS, AS            §
PLAN ADMINISTRATOR OF SABINE             §
NECHES HEALTH & WELFARE FUND;            §
NOBLE ENERGY, INC. HEALTH PLAN,          §
SEBASTIAN KRISTOF, AS PLAN               §

ADMINISTRATOR OF NOBLE ENERGY,        §
INC. HEALTH PLAN; CHEVRON             §
CORPORATION OMNIBUS HEALTH            §
CARE PLAN, AUDREY LAMASTRO, AS        §
PLAN ADMINISTRATOR OF; CHEVRON        §
CORPORATION OMNIBUS HEALTH            §
CARE PLAN; ASURION HEALTH &           §
WELFARE BENEFITS PLAN, JESSICA        §
MARSHALL, AS PLAN ADMINISTRATOR       §
OF ASURION HEALTH & WELFARE           §
BENEFITS PLAN; NEIGHBORHOOD           §
CENTERS INC. WELFARE BENEFIT          §
PLAN, PAUL VAN THO, AS PLAN           §
ADMINISTRATOR OF NEIGHBORHOOD         §
CENTERS INC. WELFARE BENEFIT          §
PLAN; GAFFNEY-KROESE ELECTRICAL       §
SUPPLY CORP, IAN KORR, AS PLAN        §
ADMINISTRATOR OF GAFFNEY-             §
KROESE ELECTRICAL SUPPLY CORP;        §
TRIMAS CORPORATION WELFARE            §
BENEFIT PLAN, JILL STRESS, AS PLAN    §
ADMINISTRATOR OF TRIMAS               §
CORPORATION WELFARE BENEFIT           §
PLAN; OCWEN FINANCIAL                 §
CORPORATION EMPLOYEE WELFARE          §
PLAN, ROBYN G. SEGADY, AS PLAN        §
ADMINISTRATOR OF OCWEN                §
FINANCIAL CORPORATION EMPLOYEE        §
WELFARE PLAN; STRUCTURAL GROUP        §
INC HEALTH & WELFARE BENEFITS         §
PLAN, KELLY ALBRIGHT, AS PLAN         §
ADMINISTRATOR OF STRUCTURAL           §
GROUP INC HEALTH & WELFARE            §
BENEFITS PLAN; ECOLAB HEALTH AND      §
WELFARE BENEFITS PLAN, SUZANNE        §
HANSON, AS PLAN ADMINISTRATOR OF      §
ECOLAB HEALTH AND WELFARE             §
BENEFITS PLAN; DAVITA, INC. HEALTH    §
PLAN, CYNTHIA BAXTER, AS PLAN         §
ADMINISTRATOR OF DAVITA, INC.         §
HEALTH PLAN; AARON'S INC.             §
EMPLOYEE WELFARE BENEFITS PLAN,       §
JOHN KARR, AS PLAN ADMINISTRATOR      §
OF AARON'S INC. EMPLOYEE WELFARE      §
BENEFITS PLAN; LINCOLN HARRIS LLC     §
GROUP MEDICAL PLAN, LOUANN            §

HUDSON, AS PLAN ADMINISTRATOR OF §
LINCOLN HARRIS LLC GROUP §
MEDICAL PLAN; FLUOR EMPLOYEE §
BENEFIT TRUST PLAN, GLENN GILKEY, §
AS PLAN ADMINISTRATOR OF FLUOR §
EMPLOYEE BENEFIT TRUST PLAN; §
MCKESSON CORPORATION FLEXIBLE §
BENEFIT PLAN, GERRI BURRUEL, AS §
PLAN ADMINISTRATOR OF MCKESSON §
CORPORATION FLEXIBLE BENEFIT §
PLAN; PROS, INCORPORATED HEALTH §
& WELFARE PLAN, LEE COCHRAN, AS §
PLAN ADMINISTRATOR OF PROS, §
INCORPORATED HEALTH & WELFARE §
PLAN; AKIN GUMP STRAUSS HAUER §
AND FELD LLP MEDICAL INSURANCE §
PLAN, SALLY KING, AS PLAN §
ADMINISTRATOR OF AKIN GUMP §
STRAUSS HAUER AND FELD LLP §
MEDICAL INSURANCE PLAN; §
GRAFTECH INTERNATIONAL §
HOLDINGS, INC. HEALTH AND §
WELFARE PLAN, DENNIS ROBINSON, AS §
PLAN ADMINISTRATOR OF GRAFTECH §
INTERNATIONAL HOLDINGS, INC. §
HEALTH AND WELFARE PLAN; §
COMPUCOM SYSTEMS, INC. HEALTH §
AND WELFARE BENEFITS PLAN, §
STEVEN L. BUCHANAN, AS PLAN §
ADMINISTRATOR OF COMPUCOM §
SYSTEMS, INC. HEALTH AND WELFARE §
BENEFITS PLAN; OWENS & MINOR §
COMPREHENSIVE MEDICAL §
INSURANCE PLAN, ERIN HERNDON, AS §
PLAN ADMINISTRATOR OF OWENS & §
MINOR COMPREHENSIVE MEDICAL §
INSURANCE PLAN; GAFFNEY-KROESE §
ELECTRICAL SUPPLY CORP, IAN KORR, §
AS PLAN ADMINISTRATOR OF §
GAFFNEY-KROESE ELECTRICAL §
SUPPLY CORP; SABINE OIL AND GAS §
CORPORATION HEALTH PLAN, §
YAMOIRA MILLER, AS PLAN §
ADMINISTRATOR OF SABINE OIL AND §
GAS CORPORATION HEALTH PLAN; §
ATOS HEALTH AND WELFARE PLAN, §

PAUL PETERSON, AS PLAN                              §
ADMINISTRATOR OF ATOS HEALTH                        §
AND WELFARE PLAN; PEARSON INC                       §
WELFARE BENEFIT PLAN, ROBERT B.                     §
ARTHUR, AS PLAN ADMINISTRATOR OF                    §
PEARSON INC WELFARE BENEFIT                         §
PLAN; EXPRESS CARE PLAN, GEORGE                     §
JOHNSON, AS PLAN ADMINISTRATOR                      §
OF EXPRESS CARE PLAN; RENAL                         §
VENTURES MANAGEMENT, LLC                            §
WELFARE BENEFIT PLAN, ELLEN R.                      §
DAVIS, AS PLAN ADMINISTRATOR OF                     §
RENAL VENTURES MANAGEMENT, LLC                      §
WELFARE BENEFIT PLAN; CAPROCK                       §
COMMUNICATIONS, INC. HEALTH AND                     §
WELFARE BENEFIT PLAN, JAIRAJ                        §
THAKKAR, AS PLAN ADMINISTRATOR                      §
OF CAPROCK COMMUNICATIONS, INC.                     §
HEALTH AND WELFARE BENEFIT                          §
PLAN; SM ENERGY COMPANY HEALTH                      §
AND WELFARE EMPLOYEE BENEFIT                        §
PLAN, MARIA GORDON, AS PLAN                         §
ADMINISTRATOR OF SM ENERGY                          §
COMPANY HEALTH AND WELFARE                          §
EMPLOYEE BENEFIT PLAN; ACCUDYNE                     §
INDUSTRIES, LLC EMPLOYEE BENEFITS                   §
PLAN, DENISE DARAB, AS PLAN                         §
ADMINISTRATOR OF ACCUDYNE                           §
INDUSTRIES, LLC EMPLOYEE BENEFITS                   §
PLAN; HEALTH AND WELFARE                            §
BENEFIT PLAN FOR EMPLOYEES OF                       §
HELENA CHEMICAL COMPANY,                            §
JENNIFER WILLIAMS, AS PLAN                          §
ADMINISTRATOR OF HEALTH AND                         §
WELFARE BENEFIT PLAN FOR                            §
EMPLOYEES OF HELENA CHEMICAL                        §
COMPANY; TINGUE, BROWN AND CO.                      §
WELFARE BENEFITS PLAN, JOHN                         §
HURST, AS PLAN ADMINISTRATOR OF                     §
TINGUE, BROWN AND CO. WELFARE                       §
BENEFITS PLAN; HILCORP ENERGY                       §
HEALTH AND WELFARE PLAN, MIKE                       §
BREZINA, AS PLAN ADMINISTRATOR                      §
OF HILCORP ENERGY HEALTH AND                        §
WELFARE PLAN; HOERBIGER                             §
CORPORATION OF AMERICA, INC.                        §

**EMPLOYEE HEALTH PLAN, BRUCE**                  §
**DRIGGETT, AS PLAN ADMINISTRATOR**              §
**OF HOERBIGER CORPORATION OF**                  §
**AMERICA, INC. EMPLOYEE HEALTH**                §
**PLAN; THE PATRIOT BANK HEALTH**                §
**AND WELFARE BENEFIT PLAN, DIANNE**             §
**KIRSCH, AS PLAN ADMINISTRATOR OF**             §
**THE PATRIOT BANK HEALTH AND**                  §
**WELFARE BENEFIT PLAN; HOWARD**                 §
**HUGHES MANAGEMENT CO., LLC**                   §
**HEALTH AND WELFARE PLAN, DARA**                §
**ENGLE, AS PLAN ADMINISTRATOR OF**              §
**HOWARD HUGHES MANAGEMENT CO.,**                §
**LLC HEALTH AND WELFARE PLAN;**                 §
**PETROLEUM GEO-SERVICES, INC.**                 §
**WELFARE BENEFIT PLAN, KIMBERLY**               §
**ADAMS, AS PLAN ADMINISTRATOR OF**              §
**PETROLEUM GEO-SERVICES, INC.**                 §
**WELFARE BENEFIT PLAN; HRG NORTH**              §
**AMERICA WELFARE PLAN, BIJAL**                  §
**MAHIDA, AS PLAN ADMINISTRATOR OF**             §
**HRG NORTH AMERICA WELFARE**                    §
**PLAN; RANDALL'S LIMITED HEALTH**               §
**PLAN, LISA MONTALVO, AS PLAN**                 §
**ADMINISTRATOR OF RANDALL'S**                   §
**LIMITED HEALTH PLAN; CONRAD**                  §
**INDUSTRIES, INC. FLEX PLAN, TAMERA**           §
**LANDRY, AS PLAN ADMINISTRATOR OF**             §
**CONRAD INDUSTRIES, INC. FLEX PLAN;**           §
**THE REYNOLDS AND REYNOLDS**                    §
**COMPANY GROUP HEALTH BENEFIT**                 §
**PLAN, DEBRA RIGGSBY, AS PLAN**                 §
**ADMINISTRATOR OF THE REYNOLDS**                §
**AND REYNOLDS COMPANY GROUP**                   §
**HEALTH BENEFIT PLAN; CACI**                    §
**INTERNATIONAL INC. WELFARE**                   §
**BENEFIT PLAN, ERIC WOLF, AS PLAN**             §
**ADMINISTRATOR OF CACI**                        §
**INTERNATIONAL INC. WELFARE**                   §
**BENEFIT PLAN; IPSOS AMERICA, INC.**            §
**HEALTH PLAN, LAURIE HULL, AS PLAN**            §
**ADMINISTRATOR OF IPSOS AMERICA,**             §
**INC. HEALTH PLAN; EISAI**                      §
**CORPORATION OF NORTH AMERICA**                 §
**AND ITS SUBSIDIARIES HEALTH AND**             §
**WELFARE PLAN, CLAUDIO IPPOLITO,**              §

AS PLAN ADMINISTRATOR OF EISAI §
CORPORATION OF NORTH AMERICA §
AND ITS SUBSIDIARIES HEALTH AND §
WELFARE PLAN; JEFFERIES GROUP §
LLC, GROUP BENEFIT PLAN, JEFFREY §
AGNEW, AS PLAN ADMINISTRATOR OF §
JEFFERIES GROUP LLC, GROUP §
BENEFIT PLAN; STANLEY BLACK & §
DECKER HEALTH & WELFARE §
PROGRAM, CATHERINE L. OLINSKI AS §
PLAN ADMINISTRATOR OF STANLEY §
BLACK & DECKER HEALTH & §
WELFARE PROGRAM; §
ENERGYSOLUTIONS, LLC EMPLOYEE §
BENEFITS PLAN, STEPHEN CROCKER, §
AS PLAN ADMINISTRATOR OF §
ENERGYSOLUTIONS, LLC EMPLOYEE §
BENEFITS PLAN; JONES & CARTER INC. §
FLEXIBLE BENEFIT ACCOUNT PLAN, §
ROBIN FRANKS, AS PLAN §
ADMINISTRATOR OF JONES & CARTER §
INC. FLEXIBLE BENEFIT ACCOUNT §
PLAN; TEACH FOR AMERICA §
EMPLOYEE WELFARE BENEFIT PLAN, §
PAULA ZIMMERMAN, AS PLAN §
ADMINISTRATOR OF TEACH FOR §
AMERICA EMPLOYEE WELFARE §
BENEFIT PLAN; VENTERRA REALTY §
INC. BENEFIT PLAN, CALVIN LEE- §
YOUNG, AS PLAN ADMINISTRATOR OF §
VENTERRA REALTY INC. BENEFIT §
PLAN; AMERICAN ALLOY STEEL §
WELFARE BENEFIT PLAN, LAURIE §
VICE, AS PLAN ADMINISTRATOR OF §
AMERICAN ALLOY STEEL WELFARE §
BENEFIT PLAN; CUNA MUTUAL GROUP §
MEDICAL CARE PLAN FOR §
REPRESENTED EMPLOYEES, THOMAS J. §
MERFELD, AS PLAN ADMINISTRATOR §
OF CUNA MUTUAL GROUP MEDICAL §
CARE PLAN FOR REPRESENTED §
EMPLOYEES; WHATABURGER §
EMPLOYEE BENEFIT PLAN, EDWARD §
NELSON, AS PLAN ADMINISTRATOR OF §
WHATABURGER EMPLOYEE BENEFIT §
PLAN; O'REILLY AUTOMOTIVE, INC. §

**EMPLOYEE BENEFITS PLAN,** §
**JONATHAN ANDREWS, AS PLAN** §
**ADMINISTRATOR OF O'REILLY** §
**AUTOMOTIVE, INC. EMPLOYEE** §
**BENEFITS PLAN; RESTATED ZIONS** §
**BANCORPORATION EMPLOYEE AND** §
**RETIREE WELFARE BENEFIT PLAN,** §
**DIANA ANDERSEN, AS PLAN** §
**ADMINISTRATOR OF RESTATED ZIONS** §
**BANCORPORATION EMPLOYEE AND** §
**RETIREE WELFARE BENEFIT PLAN;** §
**ACE INDUSTRIES, INC. WELFARE** §
**BENEFITS PLAN, CHERYL** §
**ROSSBOROUGH, AS PLAN** §
**ADMINISTRATOR OF ACE INDUSTRIES,** §
**INC. WELFARE BENEFITS PLAN;** §
**PEARCE INDUSTRIES INC. MEDICAL** §
**AND DENTAL PLAN, GARY PEARCE, AS** §
**PLAN ADMINISTRATOR OF PEARCE** §
**INDUSTRIES INC. MEDICAL AND** §
**DENTAL PLAN; LANDRYS MEDICAL** §
**BENEFIT PLAN, JULIA LIEBELT, AS** §
**PLAN ADMINISTRATOR OF LANDRYS** §
**MEDICAL BENEFIT PLAN; POLAR** §
**CORPORATION WELFARE BENEFIT** §
**PLAN, BRIAN SCHWEGEL, AS PLAN** §
**ADMINISTRATOR OF POLAR** §
**CORPORATION WELFARE BENEFIT** §
**PLAN; GROUP MEDICAL PLAN, SARITA** §
**CHAUHAN, AS PLAN ADMINISTRATOR** §
**OF GROUP MEDICAL PLAN; DIEBOLD** §
**INCORPORATED HEALTH AND** §
**WELFARE BENEFITS PLAN, CHRISTINE** §
**TAKACS, AS PLAN ADMINISTRATOR OF** §
**DIEBOLD INCORPORATED HEALTH** §
**AND WELFARE BENEFITS PLAN;** §
**MACYS, INC. WELFARE BENEFITS** §
**PLAN, STEPHEN J. O'BRYAN, AS PLAN** §
**ADMINISTRATOR OF MACYS, INC.** §
**WELFARE BENEFITS PLAN; HEALTH** §
**PLAN OF MARATHON OIL COMPANY,** §
**DEANNA L JONES, AS PLAN** §
**ADMINISTRATOR OF HEALTH PLAN OF** §
**MARATHON OIL COMPANY; HEALTH** §
**CARE PLAN FOR HOURLY EMPLOYEES,** §
**BARBARA GRIGAT, AS PLAN** §

Plaintiffs' Original Complaint                                          9

**ADMINISTRATOR OF HEALTH CARE**　§
**PLAN FOR HOURLY EMPLOYEES;**　§
**MASTERPIECE MACHINE & MANUF.**　§
**EMPLOYEE HEALTH BENEFIT PLAN,**　§
**MICHELLE ROBICHEAUX, AS PLAN**　§
**ADMINISTRATOR OF MASTERPIECE**　§
**MACHINE & MANUF. EMPLOYEE**　§
**HEALTH BENEFIT PLAN; SATAKE USA,**　§
**INC. WELFARE BENEFIT PLAN, JOHN**　§
**KRISTEK, AS PLAN ADMINISTRATOR**　§
**OF SATAKE USA, INC. WELFARE**　§
**BENEFIT PLAN; MCCARTHY**　§
**EMPLOYEE HEALTH CARE PAYMENT**　§
**PLAN, LISA SANDERS, AS PLAN**　§
**ADMINISTRATOR OF MCCARTHY**　§
**EMPLOYEE HEALTH CARE PAYMENT**　§
**PLAN; VALERUS FIELD SOLUTIONS**　§
**HEALTH & WELFARE BENEFIT PLAN,**　§
**MARK CARLTON, AS PLAN**　§
**ADMINISTRATOR OF VALERUS FIELD**　§
**SOLUTIONS HEALTH & WELFARE**　§
**BENEFIT PLAN; CAPGEMINI US LLC**　§
**WELFARE BENEFIT PLAN; SHAWN**　§
**SHOPE, AS PLAN ADMINISTRATOR OF**　§
**CAPGEMINI US LLC WELFARE BENEFIT**　§
**PLAN;**　§
**CARLSON WAGONLIT TRAVEL**　§
**EMPLOYEE BENEFIT PLAN, CINDY**　§
**RODAHL, AS PLAN ADMINISTRATOR OF**　§
**CARLSON WAGONLIT TRAVEL**　§
**EMPLOYEE BENEFIT PLAN; STAR PIPE**　§
**PRODUCTS - MEDICAL & DENTAL PLAN,**　§
**VIJAY POLLARD, AS PLAN**　§
**ADMINISTRATOR OF STAR PIPE**　§
**PRODUCTS - MEDICAL & DENTAL**　§
**PLAN; EMCOR GROUP, INC. EMPLOYEE**　§
**WELFARE PLAN, LISA HAIGHT, AS**　§
**PLAN ADMINISTRATOR OF EMCOR**　§
**GROUP, INC. EMPLOYEE WELFARE**　§
**PLAN; SUMITOMO CORPORATION OF**　§
**AMERICAS GROUP MEDICAL**　§
**INSURANCE PLAN, ARLENE BECKER-**　§
**ALLAM, AS PLAN ADMINISTRATOR OF**　§
**SUMITOMO CORPORATION OF**　§
**AMERICAS GROUP MEDICAL**　§
**INSURANCE PLAN; BRASKEM**　§

AMERICA, INC. EMPLOYEE BENEFIT                    §
PLAN, JOHN F CARROLL, AS PLAN                     §
ADMINISTRATOR OF BRASKEM                          §
AMERICA, INC. EMPLOYEE BENEFIT                    §
PLAN; EQUIFAX INC. MAJOR MEDICAL                  §
PLAN, KENT LINGERFELT, AS PLAN                    §
ADMINISTRATOR OF EQUIFAX INC.                     §
MAJOR MEDICAL PLAN; MORGAN                        §
STANLEY MEDICAL PLAN, CINDY                       §
LUKAS, AS PLAN ADMINISTRATOR OF                   §
MORGAN STANLEY MEDICAL PLAN;                      §
MPG OPERATIONS EMPLOYEE                           §
BENEFITS PLAN, ROBERT WILLIAMS,                   §
AS PLAN ADMINISTRATOR OF MPG                      §
OPERATIONS EMPLOYEE BENEFITS                      §
PLAN, ECOLAB HEALTH AND WELFARE                   §
BENEFITS PLAN, SUZANNE HANSON, AS                 §
PLAN ADMINISTRATOR OF ECOLAB                      §
HEALTH AND WELFARE BENEFITS                       §
PLAN; DHL WORLDWIDE EXPRESS                       §
HEALTH PLAN, ROBERT WHITAKER, AS                  §
PLAN ADMINISTRATOR OF DHL                         §
WORLDWIDE EXPRESS HEALTH PLAN;                    §
EMPLOYEE GROUP HEALTH PLAN OF                     §
UNITED TECHNOLOGIES                               §
CORPORATION, FREDERIC DAUSSAN,                    §
AS PLAN ADMINISTRATOR OF                          §
EMPLOYEE GROUP HEALTH PLAN OF                     §
UNITED TECHNOLOGIES                               §
CORPORATION; THE INTERNATIONAL                    §
REGULAR MEMBERS MEDICAL &                         §
DENTAL PLANS OF MCKINSEY &                        §
COMPANY, INC., JAMES E. FARRELL JR.,              §
AS PLAN ADMINISTRATOR OF THE                      §
INTERNATIONAL REGULAR MEMBERS                     §
MEDICAL & DENTAL PLANS OF                         §
MCKINSEY & COMPANY, INC.; WARE                    §
INDUSTRIES, INC. GROUP HEALTH AND                 §
WELFARE PLAN, LORI HAGEDORN, AS                   §
PLAN ADMINISTRATOR OF WARE                        §
INDUSTRIES, INC. GROUP HEALTH AND                 §
WELFARE PLAN; KELSEY-SEYBOLD                      §
WELFARE BENEFITS PLAN, DAVID C.                   §
MILLER, AS PLAN ADMINISTRATOR OF                  §
KELSEY-SEYBOLD WELFARE BENEFITS                   §
PLAN; THE WESTERN UNION COMPANY                   §

HEALTH AND WELFARE BENEFIT PLAN,    §
TIM CINALLI, AS PLAN                §
ADMINISTRATOR OF THE WESTERN        §
UNION COMPANY HEALTH AND            §
WELFARE BENEFIT PLAN; KENCO         §
EMPLOYEE BENEFITS PLAN, SHELIA      §
CRANE, AS PLAN ADMINISTRATOR OF     §
KENCO EMPLOYEE BENEFITS PLAN;       §
YOKOGAWA CORPORATION OF             §
AMERICA FLEXIBLE BENEFITS PLAN,     §
KAREN MURRAY, AS PLAN               §
ADMINISTRATOR OF YOKOGAWA           §
CORPORATION OF AMERICA FLEXIBLE     §
BENEFITS PLAN, KAREN MURRAY;        §
KUEHNE & NAGEL GROUP LIFE, AD&D,    §
HOSP. AND MAJOR MEDICAL DENTAL,     §
JOHN S. GERGEN, AS PLAN             §
ADMINISTRATOR OF KUEHNE & NAGEL     §
GROUP LIFE, AD&D, HOSP. AND MAJOR   §
MEDICAL DENTAL.                     §

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs TRUE VIEW SURGERY CENTER ONE, LP; OPREX SURGERY (HOUSTON), LP; LCS SURGICAL AFFILIATES, LP; PASNAR HOUSTON, LLC; OPREX SURGERY (BEAUMONT), LP; and OPREX ASC BEAUMONT, LLC together file this Original Complaint against Defendants named herein and would respectfully show the Court as follows:

## I. INTRODUCTION

1.       This action arises out of, *inter alia,* Defendants' systematic breach of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Defendants participated in a conspiracy and pattern of unlawful, reckless, and deceptive conduct to conceal an embezzlement and/or skimming scheme, commonly known as "fee-forgiveness protocol,"[1] despite repeated appeals from Plaintiffs alerting

---

[1] This Court has already ruled as a matter of law that this fee-forgiveness protocol was an "unprecedented claims processing methodology" (*see Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC,* No. 4:13-CV-3291,

this scheme to the plan Defendants (individually, the "Plan" and collectively, the "Plans").

2.      Under Connecticut General Life Insurance Company's and Cigna Health and Life Insurance Company's (collectively, "Cigna") "fee-forgiveness protocol," Defendants withheld assets of the Plans to which Plaintiffs were entitled. These assets included benefit claim payments to Plaintiffs to pay the Plans' co-fiduciaries. In order to deny Plaintiffs these payments they were owed, Defendants used an unprecedented methodology for claim processing that is not part of any plan term.

3.      In spite of the glaring conflict of interest and inherent breach of fiduciary duties, Defendants allowed the wrongful withholding of plan benefit payments from Plaintiffs and agreed to an unlawful compensation structure that financially rewards Cigna. Specifically:

4.      Defendants processed claims and determined that certain claim amounts were *allowed* under the Plans, yet those *allowed* claims payments were never made to Plaintiffs and instead was withheld by Cigna.

5.      Defendants and their co-fiduciary Cigna advised plan members/patients and Plaintiffs through official explanations of benefits (EOB's) that if plan members/patients failed to pay the full cost-sharing, deductible, co-insurance, or co-pay at the time of their admission, their benefit claims payment would be withheld indefinitely by Cigna until Plaintiffs submit proof of full payment of cost-sharing from the plan member/patient. Simultaneously Defendants and their co-fiduciary Cigna advised plan members/patients they had *no obligation to pay*. Consequently, the Plaintiffs would have nothing to forgive upfront or nothing to collect from the plan member/patient.

---

2016 WL 3077405, at *24 (S.D. Tex. June 1, 2016) (Hoyt, J., mem. op.)) and that "ERISA does not permit the interpretation [of the fee-forgiveness exclusion] embraced by Cigna" (*see id.* at *18).

6.      Defendants further promulgated this scheme by processing out-of-network claims under a fabricated "contractual obligation" and/or "negotiation" with Plaintiffs that never existed or were completely inapplicable solely to permit Cigna to transfer plan assets to itself in order to apply Cigna's "Cost Containment Fees".

7.      Despite Plaintiffs' repeated appeals outlining the suspected embezzlement of plan assets by the Plans' co-fiduciary, Cigna, and despite the inherent conflict of interest Cigna has with the Plans, Defendants continued to delegate and authorize Cigna to investigate its own alleged wrongdoing.

8.      Despite Plaintiffs' formal complaints to the Department of Labor for further investigation of the suspected embezzlement for some of the Defendants, such Defendants failed to take any immediate or subsequent actions to investigate or initiate any corrective actions to mitigate the suspected self-dealings.

9.      This scheme to conceal prohibited transactions from the plan members/patients and providers nationwide has continued and still continues despite Plaintiffs' countless efforts, requests, and appeals to Defendants to investigate and correct the utter failure to uphold even the most basic of statutory fiduciary duties owed to the beneficiaries of the Plans.

## II. PARTIES

10.      Plaintiff True View Surgery Center One, L.P. is a limited partnership organized under the laws of Texas, with its principal place of business located at 9901 Town Park Drive, Houston, Texas, 77036.

11.      Plaintiff Oprex Surgery (Houston), LP, is a limited partnership organized under the laws of Texas, with its principal place of business located at 9901 Town Park Drive, Houston, Texas, 77036.

12.     Plaintiff LCS Surgical Affiliates, LP, is a limited partnership organized under the laws of Texas, with its principal place of business located at 9901 Town Park Drive, Houston, Texas, 77036.

13.     Plaintiff Pasnar Houston, LLC, is a limited liability company organized under the laws of Texas, with its principal place of business located at 9901 Town Park Drive, Houston, Texas, 77036.

14.     Plaintiff Oprex Surgery (Beaumont), LP, is a limited partnership organized under the laws of Texas, with its principal place of business located at 390 N. 11th Street, Beaumont, Texas, 77702.

15.     Defendant MILA National Health Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant MILA National Health Plan may be served with process by serving its Plan Administrators, David F. Adam and Benny Holland, at 111 Broadway, 5th Floor, New York, NY 10006 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

16.     Defendant David F. Adam, in his official capacity as Plan Administrator of Defendant MILA National Health Plan, may be served at 111 Broadway, 5th Floor, New York, NY 10006 or wherever he may be found.

17.     Defendant Benny Holland, in his official capacity as Plan Administrator of Defendant MILA National Health Plan, may be served at 111 Broadway, 5th Floor, New York, NY 10006 or wherever he may be found.

18.     Defendant Stewart & Stevenson Health & Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Stewart & Stevenson Health & Welfare Benefit Plan may be served with process by serving its Plan

Administrator, Rachel Koenig, at 611 West 38th Street, Houston, TX 77018 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

19.     Defendant Rachel Koenig, in her official capacity as Plan Administrator of Defendant Stewart & Stevenson Health & Welfare Benefit Plan, may be served at 611 West 38th Street, Houston, TX 77018 or wherever she may be found.

20.     Defendant Schlumberger Group Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Schlumberger Group Welfare Benefits Plan may be served with process by serving its Plan Administrator, Margaret Bailey, at Schlumberger Regional Support Ctr., 3600 Briarpark Dr., 3rd Floor, MD-4, Houston, TX 77042 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

21.     Defendant Margaret Bailey, in her official capacity as Plan Administrator of Defendant Schlumberger Group Welfare Benefits Plan, may be served at Schlumberger Regional Support Ctr., 3600 Briarpark Dr., 3rd Floor, MD-4, Houston, TX 77042 or wherever she may be found.

22.     Defendant National Oilwell Varco Group Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant National Oilwell Varco Group Welfare Plan may be served with process by serving its Plan Administrator, Mary Birk, at 9724 Beechnut, Houston, TX 77036 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23.     Defendant Mary Birk, in her official capacity as Plan Administrator of Defendant National Oilwell Varco Group Welfare Plan, may be served at 9724 Beechnut, Houston, TX 77036 or wherever she may be found.

24.     Defendant Sodexo, Inc. Medical Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Sodexo, Inc. Medical

Benefits Plan may be served with process by serving its Plan Administrator, Peter A. Kidd, at 9801 Washingtonian Blvd., 1st Floor, Suite 122, Gaithersburg, MD 20878 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

25.     Defendant Peter A. Kidd, in his official capacity as Plan Administrator of Defendant Sodexo, Inc. Medical Benefits Plan, may be served at 9801 Washingtonian Blvd., 1st Floor, Suite 122, Gaithersburg, MD 20878 or wherever he may be found.

26.     Defendant Valero Energy Corporation Flex Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Valero Energy Corporation Flex Benefits Plan may be served with process by serving its Plan Administrator, Pat Goynes, at P.O. Box 696000, San Antonio, TX 78269 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

27.     Defendant Pat Goynes, in her official capacity as Plan Administrator of Defendant Valero Energy Corporation Flex Benefits Plan, may be served at P.O. Box 696000, San Antonio, TX 78269 or wherever she may be found.

28.     Defendant BASF Corporation Employee Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant BASF Corporation Employee Benefit Plan may be served with process by serving its Plan Administrator, George H. Muskal, at 100 Park Avenue, Florham Park, NJ 07932 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

29.     Defendant George H. Muskal, in his official capacity as Plan Administrator of Defendant BASF Corporation Employee Benefit Plan, may be served at 100 Park Avenue, Florham Park, NJ 07932 or wherever he may be found.

30.     Defendant HCA Inc. Health and Welfare Benefits Plan is an ERISA plan and is a

proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant HCA Inc. Health and Welfare Benefits Plan may be served with process by serving its Plan Administrator, Sabrina Ruderer, at One Park Plaza, P.O. Box 550, Nashville, TN 37202 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

31.     Defendant Sabrina Ruderer, in her official capacity as Plan Administrator of Defendant HCA Inc. Health and Welfare Benefits Plan, may be served at One Park Plaza, P.O. Box 550, Nashville, TN 37202 or wherever she may be found.

32.     Defendant Academy, Ltd. Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Academy, Ltd. Welfare Benefit Plan may be served with process by serving its Plan Administrator, William Ennis, at 1800 N. Mason Road, Katy, TX 77449 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

33.     Defendant William Ennis, in his official capacity as Plan Administrator of Defendant Academy, Ltd., may be served at 1800 N. Mason Road, Katy, TX 77449 or wherever he may be found.

34.     Defendant Aggreko, LLC Health Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Aggreko, LLC Health Benefits Plan may be served with process by serving its Plan Administrator, Luke Prettol, at 4540 Kendrick Plaza Drive, Suite 100, Houston, TX 77032 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

35.     Defendant Luke Prettol, in his official capacity as Plan Administrator of Defendant Aggreko, LLC Health Benefits Plan, may be served at 4540 Kendrick Plaza Drive, Suite 100, Houston, TX 77032 or wherever he may be found.

36.     Defendant Waste Management Health and Welfare Benefits Plan is an ERISA plan

and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Waste Management Health and Welfare Benefits Plan may be served with process by serving its Plan Administrator, Gordon Blasius, at 1001 Fannin Street, Suite 4000, Houston, TX 77002 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

37.     Defendant Gordon Blasius, in his official capacity as Plan Administrator of Defendant Waste Management Health and Welfare Benefits Plan, may be served at 1001 Fannin Street, Suite 400, Houston, TX 77002 or wherever he may be found.

38.     Defendant Tesco Corporation US is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Tesco Corporation US may be served with process by serving its Plan Administrator, Courtney Anderson, at 3993 West Sam Houston Parkway North, Suite 100, Houston, TX 77041 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

39.     Defendant Courtney Anderson, in her official capacity as Plan Administrator of Defendant Tesco Corporation US, may be served at 3993 West Sam Houston Parkway North, Suite 100, Houston, TX 77041 or wherever she may be found.

40.     Defendant Employee Benefit Plan of Hapag-Lloyd America Inc. is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Employee Benefit Plan of Hapag-Lloyd may be served with process by serving its Plan Administrator, Michael Stillitano, at 399 Hoes Lane, Piscataway, NJ 08854 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

41.     Defendant Michael Stillitano, in his official capacity as Plan Administrator of Defendant Employee Benefit Plan of Hapag-Lloyd America, Inc., may be served at 399 Hoes Lane, Piscataway, NJ 08854 or wherever he may be found.

42.     Defendant Sasol North America Inc. Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Sasol North America Inc. Welfare Benefit Plan may be served with process by serving its Plan Administrator, Tanya Filla, at 900 Threadneedle, Houston, TX 77079 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

43.     Defendant Tanya Filla, in her official capacity as Plan Administrator of Defendant Sasol North America Inc. Welfare Benefit Plan, may be served at 900 Threadneedle, Houston, TX 77079 or wherever she may be found.

44.     Defendant Fluor Federal Solutions, LLC Health & Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Fluor Federal Solutions, LLC Health & Welfare Plan may be served with process by serving its Plan Administrator, Eric Best, at 887 Mitten Road, Burlingame, CA 94010 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

45.     Defendant Eric Best, in his official capacity as Plan Administrator of Defendant Fluor Federal Solutions, LLC Health & Welfare Plan, may be served at 887 Mitten Road, Burlingame, CA 94010 or wherever he may be found.

46.     Defendant SelecTransportation Resources, LLC Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant SelecTransportation Resources, LLC Welfare Benefit Plan may be served with process by serving its Plan Administrator, John Ellsworth, at 9550 North Loop East, Houston, TX 77029 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

47.     Defendant John Ellsworth, in his official capacity as Plan Administrator of Defendant SelecTransportation Resources, LLC Welfare Benefit Plan, may be served at 9550

North Loop East, Houston, TX 77029 or wherever he may be found.

48.     Defendant Texas Oil & Chemical Co II, Inc. Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Texas Oil & Chemical Co. II, Inc. Welfare Benefits Plan may be served with process by serving its Plan Administrator, Sharon Overstreet, at P.O. Box 1636, Silsbee, TX 77656 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

49.     Defendant Sharon Overstreet, in her official capacity as Plan Administrator of Defendant Texas Oil & Chemical Co. II, Inc. Welfare Benefits Plan, may be served at P.O. Box 1636, Silsbee, TX 77656 or wherever she may be found.

50.     Defendant Mercuria Energy Trading, Inc. Employee Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Mercuria Energy Trading, Inc. Employee Benefits Plan may be served with process by serving its Plan Administrator, Agnieszka Kotarowski, at 33 Benedict Place, 1st Floor, Greenwich, CT 06830 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

51.     Defendant Agnieszka Kotarowski, in her official capacity as Plan Administrator of Defendant Mercuria Energy Trading, Inc. Employee Benefits Plan, may be served at 33 Benedict Place, 1st Floor, Greenwich, CT 06830 or wherever she may be found.

52.     Defendant The JPMorgan Chase Health & Income Protection Plan for Active Employees is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant The JPMorgan Chase Health & Income Protection Plan for Active Employees may be served with process by serving its Plan Administrator, Bernadette J. Branosky, at One Chase Manhattan Plaza, 20th Floor, Mail Code NY1-A341, New York, NY 10005 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

53.     Defendant Bernadette J. Branosky, in her official capacity as Plan Administrator of Defendant The JPMorgan Chase Health & Income Protection Plan for Active Employees, may be served at One Chase Manhattan Plaza, 20th Floor, Mail Code NY1-A341, New York, NY 10005 or wherever she may be found.

54.     Defendant Stronghold Ltd. Health and Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Stronghold Ltd. Health and Welfare Plan may be served with process by serving its Plan Administrator, Cheryl Wyatt, at 10916 Spencer Highway, LaPorte, TX 77571 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

55.     Defendant Cheryl Wyatt, in her official capacity as Plan Administrator of Defendant Stronghold Ltd. Health and Welfare Plan, may be served at 10916 Spencer Highway, LaPorte, TX 77571 or wherever she may be found.

56.     Defendant The Company of Others Cafeteria Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant The Company of Others Cafeteria Plan may be served with process by serving its Plan Administrator, Breck Templeton, at 1800 W. Loop S., Suite 2100, Houston, TX 77027 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

57.     Defendant Breck Templeton, in his official capacity as Plan Administrator of Defendant The Company of Others Cafeteria Plan, may be served at 1800 W. Loop S., Suite 2100, Houston, TX 77027 or wherever he may be found.

58.     Defendant CBRE Group Insurance Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant CBRE Group Insurance Plan may be served with process by serving its Plan Administrator, Kelly Pool, at 2100 Ross

Avenue, Suite 1600, Dallas, TX 75201 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

59.     Defendant Kelly Pool, in her official capacity as Plan Administrator of Defendant CBRE Group Insurance Plan, may be served at 2100 Ross Avenue, Suite 1600, Dallas, TX 75201 or wherever she may be found.

60.     Defendant Drilltec Health and Welfare is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Drilltec Health and Welfare may be served with process by serving its Plan Administrator, Tim O'Grady, at 10875 Kempwood Drive, Suite 2, Houston, TX 77043 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

61.     Defendant Tim O'Grady, in his official capacity as Plan Administrator of Defendant Drilltec Health and Welfare, may be served at 10875 Kempwood Drive, Suite 2, Houston, TX 77043 or wherever he may be found.

62.     Defendant Hunting Energy Services Employee Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Hunting Energy Services Employee Benefit Plan may be served with process by serving its Plan Administrator, Louise Flores, at 2 Northpoint Drive, Suite 400, Houston, TX 77060 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

63.     Defendant Louise Flores, in her official capacity as Plan Administrator of Defendant Hunting Energy Services Employee Benefit Plan, may be served at 2 Northpoint Drive, Suite 400, Houston, TX 77060 or wherever she may be found.

64.     Defendant The Sun Products Corporation Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant The Sun Products Corporation Welfare Benefits Plan may be served with process by serving its Plan Administrator, E. Renee Tehi, at 60 Danbury Road, Wilton, CT 06897 pursuant to ERISA

Plaintiffs' Original Complaint                                                                                          23

§ 502(d), 29 U.S.C. § 1132(d).

65.      Defendant E. Renee Tehi, in her official capacity as Plan Administrator of Defendant The Sun Products Corporation Welfare Benefits Plan, may be served at 60 Danbury Road, Wilton, CT 06897 or wherever she may be found.

66.      Defendant Perry Homes LLC Health and Life Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Perry Homes LLC Health and Life Plan may be served with process by serving its Plan Administrator, Debarata Nandi, at 9000 Gulf Freeway, Houston, TX 77017 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

67.      Defendant Debarata Nandi, in her official capacity as Plan Administrator of Defendant Perry Homes LLC Health and Life Plan, may be served at 9000 Gulf Freeway, Houston, TX 77017 or wherever she may be found.

68.      Defendant Sabine Neches Health & Welfare Fund is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Sabine Neches Health & Welfare Fund may be served with process by serving its Plan Administrator, Steve Hooks, at P.O. Box 130, Evalde, TX 77615 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

69.      Defendant Steve Hooks, in his official capacity as Plan Administrator of Defendant Sabine Neches Health & Welfare Fund, may be served at P.O. Box 130, Evalde, TX 77615 or wherever he may be found.

70.      Defendant Noble Energy, Inc. Health Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Noble Energy, Inc. Health Plan may be served with process by serving its Plan Administrator, Sebastian Kristof, at 1001 Noble Energy Way, Houston, TX 77070 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

71.     Defendant Sebastian Kristof, in his official capacity as Plan Administrator of Defendant Noble Energy, Inc. Health Plan, may be served at 1001 Noble Energy Way, Houston, TX 77070 or wherever he may be found.

72.     Defendant Chevron Corporation Omnibus Health Care Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Chevron Corporation Omnibus Health Care Plan may be served with process by serving its Plan Administrator, Audrey Lamastro, at 6001 Bollinger Canyon Road, Room E1426, San Ramon, CA 94583 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

73.     Defendant Audrey Lamastro, in her official capacity as Plan Administrator of Defendant Chevron Corporation Omnibus Health Care Plan, may be served at 6001 Bollinger Canyon Road, Room E1426, San Ramon, CA 94583 or wherever she may be found.

74.     Defendant Asurion Health & Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Asurion Health & Welfare Benefits Plan may be served with process by serving its Plan Administrator, Jessica Marshall, at 648 Grassmere Park, Nashville, TN 37211 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

75.     Defendant Jessica Marshall, in her official capacity as Plan Administrator of Defendant Asurion Health & Welfare Benefits Plan, may be served at 648 Grassmere Park, Nashville, TN 37211 or wherever she may be found.

76.     Defendant Neighborhood Centers Inc. Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Neighborhood Centers Inc. Welfare Benefit Plan may be served with process by serving its Plan Administrator, Paul Van Tho, at 4500 Bissonnet Street, Suite 200, Bellaire, TX 77401 pursuant to ERISA

§ 502(d), 29 U.S.C. § 1132(d).

77.     Defendant Paul Van Tho, in his official capacity as Plan Administrator of Defendant Neighborhood Centers Inc. Welfare Benefit Plan, may be served at 4500 Bissonnet Street, Suite 200, Bellaire, TX 77401 or wherever he may be found.

78.     Defendant Gaffney-Kroese Electrical Supply Corp. is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Gaffney-Kroese Electrical Supply Corp. may be served with process by serving its Plan Administrator, Ian Korr, at 50 Randolph Rd., Somerset, NJ 08873 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

79.     Defendant Ian Korr, in his official capacity as Plan Administrator of Defendant Gaffney-Kroese Electrical Supply Corp., may be served at 50 Randolph Rd., Somerset, NJ 08873 or wherever he may be found.

80.     Defendant Trimas Corporation Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Trimas Corporation Welfare Benefit Plan may be served with process by serving its Plan Administrator, Jill Stress, at 39400 Woodward Ave., Suite 130, Bloomfield Hills, MI 48304 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

81.     Defendant Jill Stress, in her official capacity as Plan Administrator of Defendant Trimas Corporation Welfare Benefit Plan, may be served at 39400 Woodward Ave., Suite 130, Bloomfield Hills, MI 48304 or wherever she may be found.

82.     Defendant Ocwen Financial Corporation Employee Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Ocwen Financial Corporation Employee Welfare Plan may be served with process by serving its Plan Administrator, Robyn G. Segady, at 1661 Worthington Road, Suite 100, West Palm Beach,

FL 33409 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

83.     Defendant Robyn G. Segady, in her official capacity as Plan Administrator of Defendant Ocwen Financial Corporation Employee Welfare Plan, may be served at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 or wherever she may be found.

84.     Defendant Structural Group Inc Health & Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Structural Group Inc Health & Welfare Benefits Plan may be served with process by serving its Plan Administrator, Kelly Albright, at 10150 Old Columbia Road, Columbia MD 21046 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

85.     Defendant Kelly Albright, in her official capacity as Plan Administrator of Defendant Structural Group Inc Health & Welfare Benefits Plan, may be served at 10150 Old Columbia Road, Columbia, MD 21046 or wherever she may be found.

86.     Defendant Ecolab Health and Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Ecolab Health and Welfare Benefits Plan may be served with process by serving its Plan Administrator, Suzanne Hanson, at 370 Wabasha Street North, St. Paul, MN 55102 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

87.     Defendant Suzanne Hanson, in her official capacity as Plan Administrator of Defendant Ecolab Health and Welfare Benefits Plan, may be served at 370 Wabasha Street North, St. Paul, MN 55102 or wherever she may be found.

88.     Defendant Davita, Inc. Health Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Davita, Inc. Health Plan may be served with process by serving its Plan Administrator, Cynthia Baxter, at 2000 16th Street,

Denver, CO 80202 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

89.     Defendant Cynthia Baxter, in her official capacity as Plan Administrator of Defendant Davita, Inc. Health Plan, may be served at 2000 16th Street, Denver, CO 80202 or wherever she may be found.

90.     Defendant Aaron's Inc. Employee Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Aaron's Inc. Employee Welfare Benefits Plan may be served with process by serving its Plan Administrator, John Karr, at 1100 Aaron's Building, 309 East Paces Ferry Road NE, Atlanta, GA 30305 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

91.     Defendant John Karr, in his official capacity as Plan Administrator of Defendant Aaron's Inc. Employee Welfare Benefits Plan, may be served at 1100 Aaron's Building, 309 East Paces Ferry Road NE, Atlanta, GA 30305 or wherever he may be found.

92.     Defendant Lincoln Harris LLC Group Medical Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Lincoln Harris LLC Group Medical Plan may be served with process by serving its Plan Administrator, Louann Hudson, at P.O. Box 1920, Dallas, TX 75221 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

93.     Defendant Louann Hudson, in her official capacity as Plan Administrator of Defendant Lincoln Harris LLC Group Medical Plan, may be served at P.O. Box 1920, Dallas, TX 75221 or wherever she may be found.

94.     Defendant Fluor Employee Benefit Trust Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Fluor Employee Benefit Trust Plan may be served with process by serving its Plan Administrator, Glenn Gilkey, at 6700 Las Colinas Boulevard, Irving, TX 75039 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

95. Defendant Glenn Gilkey, in his official capacity as Plan Administrator of Defendant Fluor Employee Benefit Trust Plan, may be served at 6700 Las Colinas Blvd., Irving, TX 75039 or wherever he may be found.

96. Defendant McKesson Corporation Flexible Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant McKesson Corporation Flexible Benefit Plan may be served with process by serving its Plan Administrator, Gerri Burruel, at One Post Street, 30th Floor, San Francisco, CA 94104 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

97. Defendant Gerri Burruel, in her official capacity as Plan Administrator of Defendant McKesson Corporation Flexible Benefit Plan, may be served at One Post Street, 30th Floor, San Francisco, CA 94101 or wherever she may be found.

98. Defendant Pros, Incorporated Health & Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Pros, Incorporated Health & Welfare Plan may be served with process by serving its Plan Administrator, Lee Cochran, at 3400 Patton Way, Bakersfield, CA 93308 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

99. Defendant Lee Cochran, in his official capacity as Plan Administrator of Defendant Pros, Incorporated Health & Welfare Plan, may be served at 3400 Patton Way, Bakersfield, CA 93308 or wherever he may be found.

100. Defendant Akin Gump Strauss Hauer and Feld LLP Medical Insurance Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Akin Gump Strauss Hauer and Feld LLP Medical Insurance Plan may be served with process by serving its Plan Administrator, Sally King, at 1333 New Hampshire Avenue, NW,

Washington, DC 20036 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

101.    Defendant Sally King, in her official capacity as Plan Administrator of Defendant Akin Gump Strauss Hauer and Feld LLP Medical Insurance Plan, may be served at 1333 New Hampshire Avenue, NW, Washington, DC 20036 or wherever she may be found.

102.    Defendant Graftech International Holdings, Inc. Health and Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Graftech International Holdings, Inc. Health and Welfare Plan may be served with process by serving its Plan Administrator, Dennis Robinson, at 12900 Snow Road, Parma, OH 44130 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

103.    Defendant Dennis Robinson, in his official capacity as Plan Administrator of Defendant Graftech International Holdings, Inc. Health and Welfare Plan, may be served at 12900 Snow Road, Parma, OH 44130 or wherever he may be found.

104.    Defendant Compucom Systems, Inc. Health and Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Compucom Systems, Inc. Health and Welfare Benefits Plan may be served with process by serving its Plan Administrator, Steven L. Buchanan, at 7171 Forest Lane, Dallas, TX 75230 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

105.    Defendant Steven L. Buchanan, in his official capacity as Plan Administrator of Defendant Compucom Systems, Inc. Health and Welfare Benefits Plan, may be served at 7171 Forest Lane, Dallas, TX 75230 or wherever he may be found.

106.    Defendant Owens & Minor, Inc. Comprehensive Medical Insurance Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Owens & Minor, Inc. Comprehensive Medical Insurance Plan may be served with

process by serving its Plan Administrator, Erin Herndon, at 9120 Lockwood Boulevard, Mechanicsville, VA 23116 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

107.    Defendant Erin Herndon, in her official capacity as Plan Administrator of Defendant Owens & Minor, Inc. Comprehensive Medical Insurance Plan, may be served at 9120 Lockwood Boulevard, Mechanicsville, VA 23116 or wherever she may be found.

108.    Defendant Gaffney-Kroese Electrical Supply Corp. is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Gaffney-Kroese Electrical Supply Corp. may be served with process by serving its Plan Administrator, Ian Korr, at 50 Randolph Rd, 830 Bear Tavern Road, Somerset, NJ 08873 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

109.    Defendant Ian Korr in his official capacity as Plan Administrator of Defendant Gaffney-Kroese Electrical Supply Corp., may be served at 50 Randolph Rd, 830 Bear Tavern Road, Somerset, NJ 08873 or wherever he may be found.

110.    Defendant Sabine Oil & Gas Corporation Health Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Sabine Oil & Gas Corporation Health Plan may be served with process by serving its Plan Administrator, Yamoira Miller, at 1415 Louisiana, Suite 1600, Room 151-1135, Houston, TX 77002 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

111.    Defendant Yamoira Miller in her official capacity as Plan Administrator of Defendant Sabine Oil & Gas Corporation Health Plan, may be served at 1415 Louisiana, Suite 1600, Room 151-1135, Houston, TX 77002 or wherever she may be found.

112.    Defendant Atos Health and Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Atos Health and Welfare

Plan may be served with process by serving its Plan Administrator, Paul Peterson, at 2500 Westchester Avenue, Suite 300, Purchase, NY 10577 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

113.    Defendant Paul Peterson in his official capacity as Plan Administrator of Defendant Atos Health and Welfare Plan, may be served at 2500 Westchester Avenue, Suite 300, Purchase, NY 10577 or wherever he may be found.

114.    Defendant Pearson Inc. Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Pearson Inc. Welfare Benefit Plan may be served with process by serving its Plan Administrator, Robert B. Arthur, at 30 Hudson St., New York, NY 10013 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

115.    Defendant Robert B. Arthur, in his official capacity as Plan Administrator of Defendant Pearson Inc. Welfare Benefit Plan, may be served at 330 Hudson St., New York, NY 10013 or wherever he may be found.

116.    Defendant Express Care Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Express Care Plan may be served with process by serving its Plan Administrator, George Johnson, at P.O. Box 3166, Cookeville, TN 38502 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

117.    Defendant George Johnson, in his official capacity as Plan Administrator of Defendant Express Care Plan, may be served at P.O. Box 3166, Cookeville, TN 38502 or wherever he may be found.

118.    Defendant Renal Ventures Management, LLC is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Renal Ventures Management, LLC may be served with process by serving its Plan Administrator, Ellen R. Davis,

at 1626 Cole Boulevard, Suite 100, Lakewood, CO 80401 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

119.    Defendant Ellen R. Davis, in her official capacity as Plan Administrator of Defendant Renal Ventures Management, LLC Welfare Benefit Plan, may be served at 1626 Cole Boulevard, Suite 100, Lakewood, CO 80401 or wherever she may be found.

120.    Defendant Caprock Communications, Inc. Health and Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Caprock Communications, Inc. Health and Welfare Benefit Plan may be served with process by serving its Plan Administrator, Jairaj Thakkar, at 14400 S. Sam Houston Parkway East, Houston, Texas 77048 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

121.    Defendant Jairaj Thakkar, in his official capacity as Plan Administrator of Defendant Caprock Communications, Inc. Health and Welfare Benefit Plan, may be served at 4400 S. Sam Houston Parkway East, Houston, Texas 77048 or wherever he may be found.

122.    Defendant SM Energy Company Health and Welfare Employee Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant SM Energy Company Health and Welfare Employee Benefit Plan may be served with process by serving its Plan Administrator, Maria Gordon, at 1775 Sherman Street, Suite 1200, Denver, CO 80203 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

123.    Defendant Maria Gordon, in her official capacity as Plan Administrator of Defendant SM Energy Company Health and Welfare Employee Benefit Plan, may be served at 1775 Sherman Street, Suite 1200, Denver, CO 80203 or wherever she may be found.

124.    Defendant Accudyne Industries, LLC Employee Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Accudyne

Industries, LLC Employee Benefits Plan may be served with process by serving its Plan Administrator, Denise Darab, at 2728 North Harwood Street, Suite 200, Dallas, Texas 75021 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

125.    Defendant Denise Darab, in her official capacity as Plan Administrator of Defendant Accudyne Industries, LLC Employee Benefits Plan, may be served at 2728 North Harwood Street, Suite 200, Dallas, Texas 75021 or wherever she may be found.

126.    Defendant Health and Welfare Benefit Plan for Employees of Helena Chemical Company is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Health and Welfare Benefit Plan for Employees of Helena Chemical Company may be served with process by serving its Plan Administrator, Jennifer Williams, at 225 Schilling Blvd. Suite 300, Collierville, TN 38017 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

127.    Defendant Jennifer Williams, in her official capacity as Plan Administrator of Defendant Health and Welfare Benefit Plan for Employees of Helena Chemical Company, may be served at 225 Schilling Blvd. Suite 300, Collierville, TN 38017 or wherever she may be found.

128.    Defendant Tingue, Brown, and Co. Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Tingue, Brown, and Co. Welfare Benefits Plan may be served with process by serving its Plan Administrator, John Hurst, at 535 North Midland Avenue, Saddle Brook, NJ 07663 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

129.    Defendant John Hurst, in his official capacity as Plan Administrator of Defendant Tingue, Brown, and Co. Welfare Benefits Plan, may be served at 535 North Midland Avenue, Saddle Brook, NJ 07663 or wherever he may be found.

130.    Defendant Hilcorp Energy Health and Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Hilcorp Energy Health and Welfare Plan may be served with process by serving its Plan Administrator Mike Brezina, at 1201 Louisiana Street, Suite 1400, Houston, Texas 77002 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

131.    Defendant Mike Brezina, in his official capacity as Plan Administrator of Defendant Hilcorp Energy Health and Welfare Plan, may be served at 1201 Louisiana Street, Suite 1400, Houston, Texas 77002 or wherever he may be found.

132.    Defendant Hoerbiger Corporation of America, Inc. Employee Health Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Hoerbiger Corporation of America, Inc. Employee Health Plan may be served with process by serving its Plan Administrator Bruce Driggett, at 3350 Gateway Drive, Pompano Beach, FL 33069 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

133.    Defendant Bruce Driggett, in his official capacity as Plan Administrator of Defendant Hoerbiger Corporation of America, Inc. Employee Health Plan, may be served at 3350 Gateway Drive, Pompano Beach, FL 33069 or wherever he may be found.

134.    Defendant The Patriot Bank Health and Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant The Patriot Bank Health and Welfare Benefit Plan may be served with process by serving its Plan Administrator Diane Kirsch, at 7500 San Felipe, Suite 225, Houston, Texas 77063 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

135.    Defendant Diane Kirsch, in her official capacity as Plan Administrator of Defendant The Patriot Bank Health and Welfare Benefit Plan, may be served at 7500 San Felipe,

Suite 225, Houston, Texas 77063 or wherever she may be found.

136.    Defendant Howard Hughes Management Co., LLC Health and Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Howard Hughes Management Co., LLC Health and Welfare Plan may be served with process by serving its Plan Administrator Dara Engle, at One Galleria Tower, 13355 Noel Rd., 22nd Floor, Dallas, Texas 75240 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

137.    Defendant Dara Engle, in her official capacity as Plan Administrator of Defendant Howard Hughes Management Co., LLC Health and Welfare Plan, may be served at One Galleria Tower, 13355 Noel Rd., 22nd Floor, Dallas, Texas 75240 or wherever she may be found.

138.    Defendant Petroleum Geo-Services, Inc. Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Petroleum Geo-Services, Inc. Welfare Benefit Plan may be served with process by serving its Plan Administrator Kimberly Adams, at 15150 Memorial Drive, Houston, Texas 77079 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

139.    Defendant Kimberly Adams, in her official capacity as Plan Administrator of Defendant Petroleum Geo-Services, Inc. Welfare Benefit Plan, may be served at 15150 Memorial Drive, Houston, Texas 77079 or wherever she may be found.

140.    Defendant HRG North America Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant HRG North America Welfare Plan may be served with process by serving its Plan Administrator Bijal Mahida, at 16 East 34th Street. 3rd Floor, New York, NY 10016 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

141.    Defendant Bijal Mahida, in his official capacity as Plan Administrator of

Defendant HRG North America Welfare Plan, may be served at 16 East 34th Street. 3rd Floor, New York, NY 10016 or wherever he may be found.

142.   Defendant Randall's Limited Health Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Randall's Limited Health Plan may be served with process by serving its Plan Administrator Lisa Montalvo, at 5918 Stoneridge Mall Rd., Pleasantville, CA 94588 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

143.   Defendant Lisa Montalvo, in her official capacity as Plan Administrator of Defendant Randall's Limited Health Plan, may be served at 5918 Stoneridge Mall Rd., Pleasantville, CA 94588 or wherever she may be found.

144.   Defendant Conrad Industries, Inc. Flex Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Conrad Industries, Inc. Flex Plan may be served with process by serving its Plan Administrator Tamera Landry, at 1100 Brashear Avenue, Suite 200 24 Frank Lloyd Wright Drive, Morgan City, LA 70380 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

145.   Defendant Tamera Landry, in her official capacity as Plan Administrator of Defendant Conrad Industries, Inc. Flex Plan, may be served at 1100 Brashear Avenue, Suite 200 24 Frank Lloyd Wright Drive, Morgan City, LA 70380 or wherever she may be found.

146.   Defendant The Reynolds and Reynolds Company Group Health Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant The Reynolds and Reynolds Company Group Health Benefit Plan may be served with process by serving its Plan Administrator Debra Riggsby, at P.O. Box 3207, Suite 100, Dayton, Ohio 45401 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

147.   Defendant Debra Riggsby, in her official capacity as Plan Administrator of

Defendant The Reynolds and Reynolds Company Group Health Benefit Plan, may be served at P.O. Box 3207, Suite 100, Dayton, Ohio 45401 or wherever she may be found.

148.    Defendant CACI International Inc. Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant CACI International Inc. Welfare Benefit Plan may be served with process by serving its Plan Administrator, Eric Wolf, at 1100 N. Glebe Road, Arlington, Virginia 22201 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

149.    Defendant Eric Wolf, in his official capacity as Plan Administrator of Defendant CACI International Inc. Welfare Benefit Plan, may be served at 1100 N. Glebe Road, Arlington, Virginia 22201 or wherever he may be found.

150.    Defendant Ipsos America, Inc. Health Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Ipsos America, Inc. Health Plan may be served with process by serving its Plan Administrator, Laurie Hull, at 301 Merritt Seven, Norwalk, Connecticut 06851 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

151.    Defendant Laurie Hull, in her official capacity as Plan Administrator of Defendant Ipsos America, Inc. Health Plan, may be served at 301 Merritt Seven, Norwalk, Connecticut 06851 or wherever she may be found.

152.    Defendant Eisai Corporation of North America and Its Subsidiaries Health and Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Eisai Corporation of North America and Its Subsidiaries Health and Welfare Plan may be served with process by serving its Plan Administrator, Claudio Ippolito, at 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

153.     Defendant Claudio Ippolito, in his official capacity as Plan Administrator of Defendant Ipsos America, Inc. Health Plan, may be served at 301 Merritt Seven, Norwalk, Connecticut 06851 or wherever he may be found.

154.     Defendant Jefferies Group LLC, Group Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Jefferies Group LLC, Group Benefit Plan may be served with process by serving its Plan Administrator, Jeffrey Agnew, at 520 Madison Avenue, 18th Floor, New York, New York 10022 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

155.     Defendant Jeffrey Agnew, in his official capacity as Plan Administrator of Defendant Jefferies Group LLC, Group Benefit Plan, may be served at 520 Madison Avenue, 18th Floor, New York, New York 10022 or wherever he may be found.

156.     Defendant Stanley Black & Decker Health & Welfare Program is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Stanley Black & Decker Health & Welfare Program may be served with process by serving its Plan Administrator, Catherine L. Olinski, at 1000 Stanley Drive, New Britain, Connecticut 06053 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

157.     Defendant Catherine L. Olinski, in her official capacity as Plan Administrator of Defendant Stanley Black & Decker Health & Welfare Program, may be served at 1000 Stanley Drive, New Britain, Connecticut 06053 or wherever she may be found.

158.     Defendant EnergySolutions, LLC Employee Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant EnergySolutions, LLC Employee Benefits Plan may be served with process by serving its Plan Administrator, Stephen Crocker, at 423 W. 300 S., Suite 200, Salt Lake City, Utah 84101 pursuant

to ERISA § 502(d), 29 U.S.C. § 1132(d).

159.     Defendant Stephen Crocker, in his official capacity as Plan Administrator of Defendant EnergySolutions, LLC Employee Benefits Plan, may be served at 423 W. 300 S., Suite 200, Salt Lake City, Utah 84101 or wherever he may be found.

160.     Defendant Jones & Carter, Inc. Flexible Benefit Account Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Jones & Carter, Inc. Flexible Benefit Account Plan may be served with process by serving its Plan Administrator, Robin Franks, at 6335 Gulfton, Suite 100, Houston, Texas 77081 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

161.     Defendant Robin Frank, in her official capacity as Plan Administrator of Defendant Jones & Carter, Inc. Flexible Benefit Account Plan, may be served at 6335 Gulfton, Suite 100, Houston, Texas 77081 or wherever she may be found.

162.     Defendant Teach for America Employee Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Teach for America Employee Welfare Benefit Plan may be served with process by serving its Plan Administrator, Paula Zimmerman, at 315 W. 36th Street, New York, New York 10018 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

163.     Defendant Paula Zimmerman, in her official capacity as Plan Administrator of Defendant Teach for America Employee Welfare Benefit Plan, may be served at 315 W. 36th Street, New York, New York 10018 or wherever she may be found.

164.     Defendant Venteera Realty Inc. Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Venteera Realty Inc. Benefit Plan may be served with process by serving its Plan Administrator, Calvin Lee-Young,

at 711 West Bay Area Boulevard, Suite 602, Webster, Texas 77598 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

165.    Defendant Calvin Lee-Young, in his official capacity as Plan Administrator of Defendant Venteera Realty Inc. Benefit Plan, may be served at 711 West Bay Area Boulevard, Suite 602, Webster, Texas 77598 or wherever he may be found.

166.    Defendant American Alloy Steel Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant American Alloy Steel Welfare Benefit Plan may be served with process by serving its Plan Administrator, Laurie Vice, at 6230 North Houston Rosslyn Road, Suite H-100, Houston, Texas 77091 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

167.    Defendant Laurie Vice, in her official capacity as Plan Administrator of Defendant American Alloy Steel Welfare Benefit Plan, may be served at 6230 North Houston Rosslyn Road, Suite H-100, Houston, Texas 77091 or wherever she may be found.

168.    Defendant CUNA Mutual Group Medical Care Plan for Represented Employees is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant CUNA Mutual Group Medical Care Plan for Represented Employees may be served with process by serving its Plan Administrator, Thomas J. Merfeld, at P.O. Box 391, Madison, Wisconsin 53701 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

169.    Defendant Thomas J. Merfeld, in his official capacity as Plan Administrator of Defendant CUNA Mutual Group Medical Care Plan for Represented Employees, may be served at P.O. Box 391, Madison, Wisconsin 53701 or wherever he may be found.

170.    Defendant Whataburger Employee Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Whataburger Employee

Benefit Plan may be served with process by serving its Plan Administrator, Edward Nelson, at 300 Concord Plaza Drive, San Antonio, Texas 78216 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

171.    Defendant Edward Nelson, in his official capacity as Plan Administrator of Defendant Whataburger Employee Benefit Plan, may be served at 300 Concord Plaza Drive, San Antonio, Texas 78216 or wherever he may be found.

172.    Defendant O'Reilly Automotive, Inc. Employee Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant O'Reilly Automotive, Inc. Employee Benefits Plan may be served with process by serving its Plan Administrator, Jonathan Andrews, at 233 South Patterson Avenue, Springfield, Missouri 65802 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

173.    Defendant Jonathan Andrews, in his official capacity as Plan Administrator of Defendant O'Reilly Automotive, Inc. Employee Benefits Plan, may be served at 233 South Patterson Avenue, Springfield, Missouri 65802 or wherever he may be found.

174.    Defendant Restated Zions Bancorporation Employee and Retiree Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Restated Zions Bancorporation Employee and Retiree Welfare Benefit Plan may be served with process by serving its Plan Administrator, Diana Andersen, at One South Main Street, Suite 600, Salt Lake City, Utah 84133 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

175.    Defendant Diana Andersen, in her official capacity as Plan Administrator of Defendant Restated Zions Bancorporation Employee and Retiree Welfare Benefit Plan, may be served at One South Main Street, Suite 600, Salt Lake City, Utah 84133 or wherever she may be

found.

176.    Defendant Ace Industries, Inc. Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Ace Industries, Inc. Welfare Benefits Plan may be served with process by serving its Plan Administrator, Cheryl Rossborough, at 6295 McDonough Drive, Norcross, Georgia 30093 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

177.    Defendant Cheryl Rossborough, in her official capacity as Plan Administrator of Defendant Ace Industries, Inc. Welfare Benefits Plan, may be served at 6295 McDonough Drive, Norcross, Georgia 30093 or wherever she may be found.

178.    Defendant Pearce Industries Inc. Medical and Dental Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Pearce Industries Inc. Medical and Dental Plan may be served with process by serving its Plan Administrator, Gary Pearce, at P.O. Box 35068, Houston, Texas 77235 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

179.    Defendant Gary Pearce, in his official capacity as Plan Administrator of Defendant Pearce Industries Inc. Medical and Dental Plan, may be served at P.O. Box 35068, Houston, Texas 77235 or wherever he may be found.

180.    Defendant Landry's Medical Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Landry's Medical Benefit Plan may be served with process by serving its Plan Administrator, Julia Liebelt, at 1510 West Loop South, Houston, Texas 77027 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

181.    Defendant Julia Liebelt, in her official capacity as Plan Administrator of Defendant Landry's Medical Benefit Plan, may be served at 1510 West Loop South, Houston,

Texas 77027 or wherever she may be found.

182.     Defendant Polar Corporation Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Polar Corporation Welfare Benefit Plan may be served with process by serving its Plan Administrator, Brian Schwegel, at 1015 West Saint Germain Street, Suite 420, Saint Cloud, Minnesota 56301 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

183.     Defendant Brian Schwegel, in his official capacity as Plan Administrator of Defendant Polar Corporation Welfare Benefit Plan, may be served at 1015 West Saint Germain Street, Suite 420, Saint Cloud, Minnesota 56301 or wherever he may be found.

184.     Defendant Group Medical Plan is an ERISA plan sponsored by Qatar Airways and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Group Medical Plan may be served with process by serving its Plan Administrator, Sarita Chauhan, at 1430 K Street, NW, Washington, D.C. 20005 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

185.     Defendant Sarita Chauhan, in her official capacity as Plan Administrator of Defendant Group Medical Plan, may be served at 1430 K Street, NW, Washington, D.C. 20005 or wherever she may be found.

186.     Defendant Diebold Incorporated Health and Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Diebold Incorporated Health and Welfare Benefits Plan may be served with process by serving its Plan Administrator, Christine Takacs, at 5995 Mayfair Road 9-80, North Canton, Ohio 44720 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

187.     Defendant Christine Takacs, in her official capacity as Plan Administrator of Defendant Diebold Incorporated Health and Welfare Benefits Plan, may be served at 5995

Mayfair Road 9-80, North Canton, Ohio 44720 or wherever she may be found.

188.    Defendant Macys, Inc. Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Macys, Inc. Welfare Benefits Plan may be served with process by serving its Plan Administrator, Stephen J. O'Bryan, at 7 W. 7th Street, Cincinnati, Ohio 45202 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

189.    Defendant Stephen J. O'Bryan, in his official capacity as Plan Administrator of Defendant Macys, Inc. Welfare Benefits Plan, may be served at 7 W. 7th Street, Cincinnati, Ohio 45202 or wherever he may be found.

190.    Defendant Health Plan of Marathon Oil Company is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Health Plan of Marathon Oil Company may be served with process by serving its Plan Administrator, Deanna L. Jones, at 5555 San Felipe Road, Houston, Texas 77056 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

191.    Defendant Deanna L. Jones, in her official capacity as Plan Administrator of Defendant Health Plan of Marathon Oil Company, may be served at 5555 San Felipe Road, Houston, Texas 77056 or wherever she may be found.

192.    Defendant Health Care Plan for Hourly Employees is an ERISA plan sponsored by Altria Client Services Inc. and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Health Care Plan for Hourly Employees may be served with process by serving its Plan Administrator, Barbara Grigat, at P.O. Box 85088, Richmond, Virginia 23285 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

193.    Defendant Barbara Grigat, in her official capacity as Plan Administrator of Defendant Health Care Plan for Hourly Employees, may be served at P.O. Box 85088, Richmond, Virginia 23285 or wherever she may be found.

194.     Defendant Masterpiece Machine & Manuf. Employee Health Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Masterpiece Machine & Manuf. Employee Health Benefit Plan may be served with process by serving its Plan Administrator, Michelle Robicheaux, at 10245 West Airport Blvd., Stafford, Texas 77477 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

195.     Defendant Michelle Robicheaux, in her official capacity as Plan Administrator of Defendant Masterpiece Machine & Manuf. Employee Health Benefit Plan, may be served at 10245 West Airport Blvd., Stafford, Texas 77477 or wherever she may be found.

196.     Defendant Satake USA, Inc. Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Satake USA, Inc. Welfare Benefit Plan may be served with process by serving its Plan Administrator, John Kristek, at 10905 Cash Road, Stafford, Texas 77477 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

197.     Defendant John Kristek, in his official capacity as Plan Administrator of Defendant Satake USA, Inc. Welfare Benefit Plan, may be served at 10905 Cash Road, Stafford, Texas 77477 or wherever he may be found.

198.     Defendant McCarthy Employee Health Care Payment Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant McCarthy Employee Health Care Payment Plan may be served with process by serving its Plan Administrator, Lisa Sanders, at 1341 North Rock Hill Road, St. Louis, Missouri 63124 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

199.     Defendant Lisa Sanders, in her official capacity as Plan Administrator of Defendant McCarthy Employee Health Care Payment Plan, may be served at 1341 North Rock Hill Road, St. Louis, Missouri 63124 or wherever she may be found.

200.     Defendant Valerus Field Solutions Health & Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Valerus Field Solutions Health & Welfare Benefit Plan may be served with process by serving its Plan Administrator, Mark Carlton, at 919 Milam, Suite 1000, Houston, Texas 77002 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

201.     Defendant Mark Carlton, in his official capacity as Plan Administrator of Defendant Valerus Field Solutions Health & Welfare Benefit Plan, may be served at 919 Milam, Suite 1000, Houston, Texas 77002 or wherever he may be found.

202.     Defendant Capgemini US LLC Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Capgemini US LLC Welfare Benefit Plan may be served with process by serving its Plan Administrator, Shawn Shope, at 623 Fifth Avenue, 33rd Floor, New York, New York 10022 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

203.     Defendant Shawn Shope, in his official capacity as Plan Administrator of Defendant Capgemini US LLC Welfare Benefit Plan, may be served at 623 Fifth Avenue, 33rd Floor, New York, New York 10022 or wherever he may be found.

204.     Defendant Carlson Wagonlit Travel Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Carlson Wagonlit Travel Benefit Plan may be served with process by serving its Plan Administrator, Cindy Rodahl, at 701 Carlson Parkway, MS 8202, Minnetonka, Minnesota 55305 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

205.     Defendant Cindy Rodahl, in her official capacity as Plan Administrator of Defendant Carlson Wagonlit Travel Benefit Plan, may be served at 701 Carlson Parkway, MS

8202, Minnetonka, Minnesota 55305 or wherever she may be found.

206.    Defendant Star Pipe Products – Medical & Dental Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Star Pipe Products – Medical & Dental Plan may be served with process by serving its Plan Administrator, Vijay Pollard, at 4018 Westhollow Parkway, Houston, Texas 77082 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

207.    Defendant Vijay Pollard, in his official capacity as Plan Administrator of Defendant Star Pipe Products – Medical & Dental Plan, may be served at 4018 Westhollow Parkway, Houston, Texas 77082 or wherever he may be found.

208.    Defendant Emcor Group, Inc. Employee Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Emcor Group, Inc. Employee Welfare Plan may be served with process by serving its Plan Administrator, Lisa Haight, at 301 Merritt Seven, 6th Floor, Norwalk, Connecticut 06851 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

209.    Defendant Lisa Haight, in her official capacity as Plan Administrator of Defendant Emcor Group, Inc. Employee Welfare Plan, may be served at 301 Merritt Seven, 6th Floor, Norwalk, Connecticut 06851 or wherever she may be found.

210.    Defendant Sumitomo Corporation of Americas Group Medical Insurance Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Sumitomo Corporation of Americas Group Medical Insurance Plan may be served with process by serving its Plan Administrator, Arlene Becker-Allam, at 300 Madison Avenue, New York, New York 10017 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

211.    Defendant Arlene Becker-Allam, in her official capacity as Plan Administrator of

Defendant Sumitomo Corporation of Americas Group Medical Insurance Plan, may be served at 300 Madison Avenue, New York, New York 10017 or wherever she may be found.

212.  Defendant Braskem America, Inc. Employee Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Braskem America, Inc. Employee Benefit Plan may be served with process by serving its Plan Administrator, John F. Carroll, at 1735 Market Street, 28th Floor, Philadelphia, Pennsylvania 19103 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

213.  Defendant John F. Carroll, in his official capacity as Plan Administrator of Defendant Braskem America, Inc. Employee Benefit Plan, may be served at 1735 Market Street, 28th Floor, Philadelphia, Pennsylvania 19103 or wherever he may be found.

214.  Defendant Equifax Inc. Major Medical Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Equifax Inc. Major Medical Plan may be served with process by serving its Plan Administrator, Kent Lingerfelt, at 1550 Peachtree Street NW, Atlanta, Georgia 30309 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

215.  Defendant Kent Lingerfelt, in his official capacity as Plan Administrator of Defendant Equifax Inc. Major Medical Plan, may be served at 1550 Peachtree Street NW, Atlanta, Georgia 30309 or wherever he may be found.

216.  Defendant Morgan Stanley Medical Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Morgan Stanley Medical Plan may be served with process by serving its Plan Administrator, Cindy Lukas, at 1585 Broadway, 19th Floor, New York, New York 10036 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

217.   Defendant Cindy Lukas, in her official capacity as Plan Administrator of Defendant Morgan Stanley Medical Plan, may be served at 1585 Broadway, 19th Floor, New York, New York 10036 or wherever she may be found.

218.   Defendant MPG Operations Employee Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant MPG Operations Employee Benefits Plan may be served with process by serving its Plan Administrator, Robert Williams, at 666 Fifth Avenue, 9th Floor, New York, New York 10103 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

219.   Defendant Robert Williams, in his official capacity as Plan Administrator of Defendant MPG Operations Employee Benefits Plan, may be served at 666 Fifth Avenue, 9th Floor, New York, New York 10103 or wherever he may be found.

220.   Defendant Ecolab Health and Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Ecolab Health and Welfare Benefits Plan may be served with process by serving its Plan Administrator, Suzanne Hanson, at 370 Wabasha Street North, St. Paul, Minnesota 55102 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

221.   Defendant Suzanne Hanson, in her official capacity as Plan Administrator of Defendant Ecolab Health and Welfare Benefits Plan, may be served at 370 Wabasha Street North, St. Paul, Minnesota 55102 or wherever she may be found.

222.   Defendant DHL Worldwide Express Health Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant DHL Worldwide Express Health Plan may be served with process by serving its Plan Administrator, Robert Whitaker, at 2700 South Commerce Parkway, 3rd Floor, Weston, Florida 33331 pursuant to ERISA § 502(d),

29 U.S.C. § 1132(d).

223.   Defendant Robert Whitaker, in his official capacity as Plan Administrator of Defendant DHL Worldwide Express Health Plan, may be served at 2700 South Commerce Parkway, 3rd Floor, Weston, Florida 33331 or wherever he may be found.

224.   Defendant Employee Group Health Plan of United Technologies Corporation is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Employee Group Health Plan of United Technologies Corporation may be served with process by serving its Plan Administrator, Frederic Daussan, at United Technologies Building, One Financial Plaza, Hartford, Connecticut 06101 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

225.   Defendant Frederic Daussan, in his official capacity as Plan Administrator of Defendant Employee Group Health Plan of United Technologies Corporation, may be served at United Technologies Building, One Financial Plaza, Hartford, Connecticut 06101 or wherever he may be found.

226.   Defendant Employee Group Health Plan of United Technologies Corporation is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Employee Group Health Plan of United Technologies Corporation may be served with process by serving its Plan Administrator, Frederic Daussan, at United Technologies Building, One Financial Plaza, Hartford, Connecticut 06101 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

227.   Defendant Frederic Daussan, in his official capacity as Plan Administrator of Defendant Employee Group Health Plan of United Technologies Corporation, may be served at United Technologies Building, One Financial Plaza, Hartford, Connecticut 06101 or wherever he

may be found.

228.   Defendant The International Regular Members Medical & Dental Plans of McKinesey & Company, Inc., is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant The International Regular Members Medical & Dental Plans of McKinesey & Company, Inc., may be served with process by serving its Plan Administrator James E. Farrell, Jr., at 711 Third Avenue, New York, NY 10017 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

229.   Defendant James E. Farrell, Jr., in his official capacity as Plan Administrator of Defendant The International Regular Members Medical & Dental Plans of McKinesey & Company, Inc., may be served at 711 Third Avenue, New York, NY 10017 or wherever he may be found.

230.   Defendant Ware Industries, Inc. Group Health and Welfare Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Ware Industries, Inc. Group Health and Welfare Plan may be served with process by serving its Plan Administrator Lori Hagedorn, at 400 Metuchen Road, P.O. Box 2467, South Plainfield, NJ 07080 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

231.   Defendant Lori Hagedorn, in her official capacity as Plan Administrator of Defendant Ware Industries, Inc. Group Health and Welfare Plan, may be served at 400 Metuchen Road, P.O. Box 2467, South Plainfield, NJ 07080 or wherever she may be found.

232.   Defendant Kelsey Seybold Welfare Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Kelsey Seybold Welfare Benefits Plan may be served with process by serving its Plan Administrator David C. Miller, at 11511 Shadow Creek Parkway, Pearland, Texas 77584 pursuant to ERISA § 502(d), 29 U.S.C.

§ 1132(d).

233.    Defendant David C. Miller, in his official capacity as Plan Administrator of Defendant Kelsey Seybold Welfare Benefits Plan, may be served at 11511 Shadow Creek Parkway, Pearland, Texas 77584 or wherever he may be found.

234.    Defendant The Western Union Company Health and Welfare Benefit Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant The Western Union Company Health and Welfare Benefit Plan may be served with process by serving its Plan Administrator Tim Canalli, at 12510 Belford Avenue, M21B3, Englewood, CO 80112 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

235.    Defendant Tim Canalli, in his official capacity as Plan Administrator of Defendant The Western Union Company Health and Welfare Benefit Plan, may be served at 12510 Belford Avenue, M21B3, Englewood, CO 80112 or wherever he may be found.

236.    Defendant Kenco Employee Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Kenco Employee Benefits Plan may be served with process by serving its Plan Administrator Shelia Crane, at 2001 Riverside Drive., Chattanooga, TN 37406 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

237.    Defendant Shelia Crane, in her official capacity as Plan Administrator of Defendant Kenco Employee Benefits Plan, may be served at 2001 Riverside Drive., Chattanooga, TN 37406 or wherever she may be found.

238.    Defendant Yokogawa Corporation of America Flexible Benefits Plan is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Yokogawa Corporation of America Flexible Benefits Plan may be served with process by serving its Plan Administrator Karen Murray, at 12530 West Airport Blvd., Sugarland, TX 77478

pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

239.    Defendant Karen Murray, in her official capacity as Plan Administrator of Defendant Yokogawa Corporation of America Flexible Benefits Plan, may be served at 12530 West Airport Blvd., Sugarland, TX 77478 or wherever she may be found.

240.    Defendant Kuehne & Nagel Group Life, AD&D, Hosp. and Major Medical Dental is an ERISA plan and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Defendant Kuehne & Nagel Group Life, AD&D, Hosp. and Major Medical Dental may be served with process by serving its Plan Administrator John S. Gergen, at 10 Exchange Place, Floor 19, Jersey City, NJ 07302 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

241.    Defendant John S. Gergen, in his official capacity as Plan Administrator of Defendant Kuehne & Nagel Group Life, AD&D, Hosp. and Major Medical Dental, may be served at 10 Exchange Place, Floor 19, Jersey City, NJ 07302 or wherever he may be found.

## III. JURISDICTION AND VENUE

242.    Plaintiffs' claims arise *in part* under 29 U.S.C. §§1001 *et seq.,* Employee Retirement Income Security Act ("ERISA"), under 28 U.S.C. §1331 (federal question jurisdiction) including without limitation 29 U.S.C. §1132(a)(1)(B).

243.    Venue is appropriate in this Court under 29 U.S.C. §1391 because the Defendants each conduct a substantial amount of business in this district, operate at least one office location in this district, and employ and provide benefits to residents of this district.  Additionally, a substantial part of the events or omissions giving rise to the a majority of the claims at issue occurred in this district, including:  the collection and contributions of premiums for many of the ERISA welfare benefit plans sponsored and administered by most of Employer Defendants, the making of promises and representations as to covered medical benefits to a number of plan

beneficiaries (who also work and reside in this district), the provision of health care services, the submission of all claims and appeals, the exchange of correspondence relating to those claims and appeals, and the decision making by fiduciaries of many of the ERISA welfare benefit plans relating to the issuance of benefits, payment of TPA fees, and protection of plan funds.

## IV. FACTUAL ALLEGATIONS

### A.  *Background as to Self-Funded Health Plans Governed by ERISA*

244.    Throughout America, millions of individuals obtain health insurance coverage through their employer or through a family member's employer.  Such employers provide health insurance on either a fully-insured or self-funded basis.  When an employer provides fully-insured health insurance, the employer and/or employees pay premiums to a third party commercial insurance company, and the medical costs of the employees are paid using the insurance company's funds.

245.    By contrast, when health insurance is offered by an employer on a self-funded basis, the employer assumes the risk for payment of the medical claims by sponsoring a benefits plan.  The employer contributes premiums (paid by the employee) to a plan trust or stores the amount in the employer's general assets for future payment of claims.  The health care claims of the enrolled employees and their dependents are then paid with the premiums collected by the employer. Providing healthcare to its patients on a self-funded basis, the Defendants reap many benefits, including generally cheaper healthcare costs (when compared to other funding alternatives), lower salaries for their employees (justified by the provision of healthcare benefits), and regulatory exceptions.

246.    Unless exempted, self-funded health benefit plans are governed and regulated by the Employee Retirement Income Security Act of 1974 ("ERISA").  Pursuant to ERISA and its

regulations, a self-funded health benefit plan must set forth in a written official plan document or plan instrument specific details, such as the procedure for establishing the funding of the plan, the identities of the persons who have authority to amend the plan, the procedure for amending the plan, and the basis on which payments are made to and from the plan.

247.    Often times, an employer who elects to have a self-funded health plan contracts with a third party commercial insurance company to oversee the claims processing and other administrative services.  The employer and the third party commercial insurance company, also known as the Third Party Administrator ("TPA"), enter into an Administrative Services Only ("ASO") contract or agreement.

248.    Cigna is a third party commercial insurance company that provides TPA administrative services to various self-funded plans under ASO contracts.  In exchange for the payment of fees, Cigna provides claims processing and other administrative services to the plans, as well as access to Cigna's network of providers.  Cigna's providers within its network are considered in-network because they enter into Preferred Provider Organization ("PPO") contracts with Cigna.

249.    Pursuant to the PPO contracts between Cigna and its in-network providers, Cigna's in-network providers are contractually obligated to:  1) collect patient responsibility amounts (co-pay, deductible, and co-insurance) from Cigna insureds, *and* 2) accept negotiated lower amounts for their services.  In-network providers agree to the lower rates in exchange for a higher volume of patients that results from being part of Cigna's published managed care network.  Thus, when a plan beneficiary receives health care services from an in-network provider, a Cigna-administered Plan is only obligated to pay the in-network provider the negotiated amount set by the PPO contract.

250.    Critically, pursuant to the PPO contract between the in-network provider and Cigna, the in-network provider agreed to accept the lower negotiated rate as *payment in full* for the service.  That is, under the PPO contract with Cigna, the in-network provider agreed to have no recourse against the patient for any difference in amount between the provider's normal charge for the procedure and the negotiated lower rate.  In other words, by contract, the in-network provider is precluded from ever balance billing the patient.

251.    Since the amount owed by the Plan to the in-network provider is already determined by the pre-negotiated fee rates set by the PPO contract with Cigna, and because the PPO contract also precludes the in-network provider from ever balance billing the patient, the in-network provider's request for payment from the Plan is deemed to be governed by the PPO contract, and is therefore not considered an ERISA claim for benefits.[2]

252.    By contrast, an out-of-network provider has no contract with Cigna or the Plan, and is not contractually bound to collect patient responsibility amounts or accept the lower negotiated rates set forth by any PPO contract or fee schedule.  Since there is no contract between the out-of-network provider and Cigna or the Plan, the out-of-network provider is free to "balance bill" the patient for any amounts unpaid by the Plan.  This also means that the patient may be pursued and held personally liable by the out-of-network provider for any amounts unpaid by the Plan.

253.    Plaintiffs are all surgical practice partnerships, whose physician-members perform

---

[2] According to FAQ A-8 of the United States Department of Labor Employee Benefits Administration's Frequently Asked Questions About the Benefit Claims Procedure Regulation, ERISA does not apply to in-network provider's claims for reimbursement when the provider has no recourse against the claimant for the amount in whole or in part not paid by the insurer or managed care organization.  *See* http://www.dol.gov/ebsa/faqs/faq_claims_proc_reg.html. ("[ERISA] does not apply to requests by health care providers for payments due them – rather than due the claimant – in accordance with contractual arrangements between the provider and an insurer or managed care organization, where the provider has no recourse against the claimant for amounts, in whole or in part, not paid by the insurer or managed care organization.").

medically necessary surgical procedures in one of two ambulatory surgical center facilities: one is located at 9901 Town Park Drive in Houston, Texas, and is commonly known as "Town Park Surgery Center" ("TPSC"). The other is located at 390 North 11th Street in Beaumont, Texas, and is commonly known as "Oprex Beaumont."

254.    TPSC and Oprex Beaumont are facilities that are outside Cigna's managed care network and therefore provide out-of-network medical services to beneficiaries of the Plans. Plaintiffs are out-of-network providers that have no contract with Cigna or the Plan.  As a non-participating provider, Plaintiffs are not subject to any limitations or agreements contained in any PPO contract.

255.    Each plan administrator Defendant is administers an ERISA governed welfare benefit plan created to provide benefits to its subscribed employees and their enrolled dependents (collectively "plan beneficiaries").  A minority of the Plans may not be wholly governed by ERISA because they are sponsored by governmental or church employers or are purchased as individual plans.

256.    Each ERISA Plan promises its beneficiaries the freedom to receive and obtain reimbursement for health care services from his or her provider of choice.  That is, the medical benefits covered by the Plan includes coverage for health care services from in-network *and* out-of-network providers, permitting the Plan's beneficiaries to seek treatment from a doctor or facility of his or her choice.

257.    The Plans are required to promptly pay benefits for out-of-network services based upon the terms of each Plan.  Whenever the Plan pays less than 100% of an out-of-network provider's claim, the Plan's failure or refusal to pay the full amount of the out-of-network

provider's charges is deemed an adverse benefit determination under ERISA.[3]

### B. Together with Cigna, Defendants Owe Fiduciary Duties to the Plan's Beneficiaries

258.    Each of the plan administrator Defendants serve as the Plan Administrator for their respective ERISA welfare benefit Plan.  Thus, under ERISA, the plan Defendants and the plan administrator Defendants serve as trustee-like fiduciaries of their Plan's beneficiaries.

259.    As fiduciaries, pursuant to the public policy set forth by ERISA and its regulation, as a self-funded welfare benefit plan, and in accordance with their own Plan's governing plan documents, the Plan shall be interpreted and implemented solely in the best interests of the Plan's beneficiaries *for the exclusive purpose of providing benefits for them*.[4] Furthermore, because the Defendants are primarily managing healthcare benefits funded and paid for by their plan beneficiaries, they also have a duty to *defray reasonable expenses of administering the plan*.[5]

260.    Importantly, a fiduciary of an ERISA plan is forbidden to "deal with the assets of the plan in his own interest" and "shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect" transfer or lending of plan assets benefitting a co-fiduciary or other party in interest.[6]   ERISA prohibits self-dealing transactions by a Plan's fiduciaries, and prohibits a fiduciary from paying itself from plan funds.[7]

---

[3] *See* FAQ C-12 of the United States Department of Labor Employee Benefits Administration's Frequently Asked Questions About the Benefit Claims Procedure Regulation, *available at* http://www.dol.gov/ebsa/faqs/faq_ claims_proc_reg.html  ("Under [ERISA], an adverse benefit determination generally includes any denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit. In any instance where the plan pays less than the total amount of expenses submitted with regard to a claim, while the plan is paying out the benefits to which the claimant is entitled under its terms, the claimant is nonetheless receiving less than full reimbursement of the submitted expenses…[and] is treated as an adverse benefit determination...)
[4] *See* 29 U.S.C. § 1104(a)(1)(A).
[5] *Id.*
[6] *See* 29 U.S.C. § 1106(a)(1).
[7] *Barboza v. California Ass'n of Prof'l Firefighters*, 799 F.3d 1257, 1270 (9th Cir. 2015).

261.    Furthermore, any individual, including a fiduciary, "who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use or to the use of another, any of the moneys, funds, securities, premiums, credits, property, or other assets" of an ERISA governed plan is subject to significant fines and penalties.[8]

262.    Finally, Defendants and Cigna, the designated TPA and Defendants' agent, serve as co-fiduciaries for the Plan.  Defendants knowingly empowered Cigna with discretionary authority and control over the claims administration of the Plan, which includes the adjudication of medical claims (along with full and fair review of appealed claims), determinations of coverage and reimbursements, and the disposition of the Plan's assets.  Alarmingly, despite the broad power entrusted to Cigna, Defendants routinely do not provide Cigna with the master governing plan documents.

## C. Relying Upon Defendants' Representations as to Coverage, Plaintiff Provided Medically Necessary Services to Beneficiaries of the Plan

263.    The following fact patterns are indicative, and exemplary, of all underlying claims brought within this lawsuit. The full list of claims, plans and patients, all of which contain the same or similar facts, is attached as Exhibit 1.

264.    Patient J.F., as an exemplar to all patients, is one of the plan beneficiaries covered under Defendant McCarthy Holdings Medical Plan, and is afforded out-of-network medical benefits under the terms and conditions of the McCarthy Holdings Medical Plan, as determined by the Plan.[9] The Plan promises its beneficiaries the freedom to receive and obtain reimbursement for health care services from his or her provider of choice, including services obtained from out-

---

[8] *See* 18 U.S.C. § 664
[9] Initials are used for the patients in order to preserve any and all privacy interests.

of-network providers.

265.    Plaintiffs provided health care services to several beneficiaries of the Plan. Specifically, Plaintiff Oprex Surgery (Houston), L.P. ("Oprex") rendered surgical services to patient J.F. on September 11, 2015.

266.    Each patient of Plaintiffs signed an Assignment of Benefits and Designation of Authorized Benefits ("AOB") that is the same or similar to the following terms:

> *In considering the amount of medical expenses to be incurred, I, the undersigned, have insurance and/or employee health care benefits coverage with the above captioned, and hereby assign and convey directly to the above named healthcare provider(s), as my designated Authorized Representative(s), all medical benefits and/or insurance reimbursement, if any, otherwise payable to me for services rendered from such provider(s), regardless of such provider's managed care network participation status. I understand and agree that I am legally responsible for any and all actual total charges expressly authorized by me regardless of any applicable insurance or benefit payments. I hereby authorize the above named provider(s) to release all medical information necessary to process my claims under HIPAA. I hereby authorize any plan administrator or fiduciary, insurer and my attorney to release to such provider(s) any and all plan documents, insurance policy and/or settlement information upon written request from such provider(s) in order to claim such medical benefits, reimbursement or any applicable remedies. I authorize the use of this signature on all my insurance and/or employee health benefits claim submissions.*
>
> *I hereby convey to the above named provider(s), to the full extent permissible under the laws, including but not limited to ERISA §502(a)(1)(B) and §502(a)(3), under any applicable employee group health plan(s), insurance policies or public policies, any benefit claim, liability or tort claim, chose in action, appropriate equitable relief, surcharge remedy or other right I may have to such group health plans, health insurance issuers or tortfeasor insurer(s), with respect to any and all medical expenses legally incurred as a result of the medical services I received from the above named provider(s), and to the full extent permissible under the laws to claim or lien such medical benefits, settlement, insurance reimbursement and any applicable remedies, including, but are not limited to, (1) obtaining information about the claim to the extent as the assignor; (2) submitting evidence; (3) making statements about facts or law; (4) making any request, or giving, or receiving any notice about appeal proceedings; and (5) any administrative and judicial actions by such provider(s) to pursue such claim, chose in action or right against any liable party or employee group health plan(s), including, if necessary, bring suit by such provider(s) against any such liable party or employee group health plan in my name with derivative standing but at such provider(s) expenses.    Unless revoked, this assignment is valid for all*

*administrative and judicial reviews under PPACA, ERISA, Medicare and applicable federal or state laws.   A photocopy of this assignment is to be considered as valid as the original.   I have read and fully understand this agreement.*

267.     Through the AOB's, patients assigned Plaintiffs all relevant rights hereunder, including: 1) the right to be paid directly by the Plan; 2) the right to challenge and appeal the amount of reimbursement; 3) the right to pursue litigation including all ERISA causes of action (including breach of fiduciary claims); and 4) the right to receive all relevant plan documents (Summary Plan Descriptions, Master Plan Documents, Claim Files, Administrative Files, Financial Reports, among other documents and information) as if each respective Plaintiff was the member, participant, or beneficiary of the Plan. These assignments are unrestricted and unrevoked and it serves to place Plaintiffs in the same position as the Assignor-Patients.  Through these AOB's, Plaintiffs serve as the Assignor-Patients' authorized representatives and therefore are qualified as claimants under the Patient Protection and Affordable Care Act, 29 CFR § 2590.715.

268.     During the patient registration process, prior to receiving health care services from Plaintiffs, patients sign various forms acknowledging his or her understanding of personal financial responsibility for the amounts charged by Plaintiffs, and that he or she remained fully obligated for all uncovered portions of the claims.  As an exemplar to all other patients, Patient J.F. acknowledged and agreed to the following terms: *"I understand and agree that I am legally responsible for any and all actual total charges expressly authorized by me regardless of any applicable insurance or benefit payments;"* and that *"[Patient] will be personally responsible for [Patient's] account balance regardless whether or not if your insurance will pay for your total balance of your claims."*

269.     Patient J.F., like all patients, was informed and Patient J.F. acknowledged in

writing that: *"In the event we do not accept [the] assignment of benefits we require that you be pre-approved on our extended payment plan by providing a credit card or personal checking account with authorization to charge the amount for the balance due, if your insurance company/employee benefits plan has not paid your account in full within 45 days or has determined your claims to be your responsibility for the reasons of annual deductible, co-payment, non-covered services and not medically necessary."* Patient J.F., like all patients, did not know or otherwise bear an understanding that their out-of-network coverage under the Plan was conditioned upon Plaintiff's upfront collection of their deductibles and co-insurance amounts in full.

270.    Additionally, before providing any medically necessary healthcare services to patients, as part of Plaintiffs' routine and usual practice, Plaintiffs verified that the services to be provided were covered under the Plans.  Plaintiffs followed the specific instructions indicated on each patient's insurance card regarding insurance verification and claims submission.  Through the verification process, Defendants and their TPA affirmatively represented to Plaintiffs that patients were covered under the Plan, had applicable out-of-network benefits, and could expect their medical procedures to be covered services.  At that time, Defendant and its TPA did not notify Plaintiffs that patients' out-of-network benefits under the Plan would be conditioned upon proof that Plaintiffs collected their respective deductibles and co-insurance in full in advance of the services rendered.

271.    Reasonably relying upon Defendants' representations, Plaintiffs provided the medically necessary health care services to the Assignor-Patients and then timely submitted claims for payment in accordance with the procedures established in the Plans.

### D. Defendants' Wrongful Withhold of Claim Payments Purported to be a Denial of Plaintiff's Claims.

272.    Following Plaintiffs' submission of patient claims, Defendants refused to pay any payments to Plaintiff.  Rather than issue payment for the benefits owed, Defendants proceeded to enable, authorize, ratify, or otherwise engage in, a scheme to conceal the misappropriation of plan funds and other prohibited self-dealing misconduct by instituting its "fee-forgiveness protocol".

273.    This scheme was enacted through glaring conflicting statements made in the Patient's Explanation of Benefits ("PEOB"), the Provider Explanation of Medical Benefits (EOMB"), and the Electronic Remittance Advice ("ERA"). The PEOB and EMOB are industry standard documents that detail how the patient's benefits were applied to the claim. The ERA, in Cigna's own words, "provides a HIPAA-compliant detailed explanation of how Cigna processes claims from healthcare providers."[10]

274.    As with the case with all of the underlying claims, the proof of this scheme is blatant and upfront, as shown by J.F.'s documents below:

---

[10] *See Electronic Remittance Advice (ERA)*, CIGNA: http://www.cigna.com/healthcare-professionals/resources-for-health-care-professionals/doing-business-with-cigna/electronic-remittance-advice-era.

## Figure 1: Patient Explanation of Benefits ("PEOB"):



**Explanation of benefits**

Account name / Account #
MCCARTHY HOLDINGS, INC. / 2463406

for a claim received for ⬛⬛⬛⬛⬛⬛   Reference # 9651526104883

Summary of a claim for services on September 11, 2015

for services provided by TOWN PK SURG CTR

| | | |
|---|---|---|
| Amount Billed | $45,450.72 | This was the amount that was billed for your visit on 09/11/2015. |
| Discount | $0.00 | CIGNA negotiates discounts with health care professionals and facilities to help you save money. Using an in-network option is one way you can save. Visit myCIGNA.com or call Customer Service to learn more. |
| Amount not covered | $45,450.72 | This is the portion of your bill that's not covered by your plan. You may or may not need to pay this amount. See the Notes section on the following pages for more information. |
| What your plan paid | $0.00 | Your plan paid $0.00. |
| What I owe | $0.00 | This is the amount you owe after your discount, your plan paid, and what your accounts paid. People usually owe because they may have a deductible, have to pay a percentage of the covered amount, or for care not covered by their plan. Any amount you paid since care was received may reduce the amount you owe. |

## Figure 2: Provider Explanation of Medical Benefits ("EOMB"):

*Provider Explanation of Medical Benefits Report*                                       🔆 Cigna

| Provider Number | Provider Name | | | | | | Date through which claims were processed | | | | THIS IS NOT A BILL | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 201115583 0001 | TOWN PK SURG CTR | | | | | | 09/29/2015 | | | | Retain for Your Records | 1 |

| Line | Procedure Date | Procedure Code | Adjusted Procedure Code | Billed Amount | Adjusted Procedure Code Amount | Allowed Amount | Not Covered/ Discount | Deduct/Copay Amount | Coinsurance Amount | DRG / Per Diem / APC Type | DRG / Per Diem / APC Number | DRG/Per Diem Amount | DRG / Per Diem Benefit Amount | Plan Benefit | See Note |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |

Reminder: A coverage determination, prior authorization, or certification that is made prior to a service being performed is not a promise to pay for the service at any particular rate or amount. The patient's summary plan description governs amount payable, as every claim submitted is subject to all plan provisions, including, but not limited to, eligibility requirements, exclusions, limitations, and applicable state mandates.

PATIENT NAME: ⬛⬛⬛⬛    PATIENT#: 50107    OPERATION LOCATION/GROUP# 34610-9-2463406 RECEIVE DATE: 09/18/2015 PROCESS DATE: 09/29
MEMBER NAME: ⬛⬛⬛⬛    SUBSCRIBER#: U52957190    REF#: 9651526104883

| 1 | 09112015 | 00490 | | 11362.68 | | 11362.68 | | | | | | 0.00 | 0.00 | 0.00 | A0 |
| 2 | 09112015 | 00490 | | 11362.68 | | 11362.68 | | | | | | 0.00 | 0.00 | 0.00 | A0 |
| 3 | 09112015 | 00490 | | 11362.68 | | 11362.68 | | | | | | 0.00 | 0.00 | 0.00 | A0 |
| 4 | 09112015 | 00490 | | 11362.68 | | 11362.68 | | | | | | 0.00 | 0.00 | 0.00 | A1 |
| | TOTAL | | | 45450.72 | | 45450.72 | | | | | | | | 0.00 | |

BALANCE.................    $0.00

** NOTES ON BENEFIT DETERMINATION:
IF YOU HAVE ANY QUESTIONS REGARDING THIS CLAIM, PLEASE INCLUDE THE
REFERENCE NUMBER ON INQUIRIES.
                                                I07-WKU
VIEW ELIGIBILITY, BENEFITS, AND CLAIM DETAILS AND GET PRECERTIFICATION ANSWE
RS FAST AT THE CIGNA FOR HEALTH CARE PROFESSIONALS WEBSITE (WWW.CIGNAFORHCP.
COM)

A0) SEE THE EXCLUSIONS PAGE OF YOUR CIGNA-ADMINISTERED
     PLAN DOCUMENT: CHARGES WHICH YOU ARE NOT OBLIGATED TO
     PAY OR FOR WHICH YOU ARE NOT BILLED OR FOR WHICH YOU
     WOULD NOT HAVE BEEN BILLED EXCEPT THAT THEY WERE
     COVERED UNDER THE PLAN ARE NOT COVERED. CIGNA WILL
     RECONSIDER THIS CLAIM ONCE WE SEE PROOF OF YOUR
     PAYMENT.
A1) WE HAVEN'T RECEIVED THE INFORMATION WE REQUESTED
     ABOUT THIS CLAIM. WE'LL CLOSE IT UNTIL WE GET THE
     INFORMATION WE NEED.

**Figure 3: Electronic Remittance Report ("ERA")**



275.    The PEOB is the document that was given to Patient J.F. as the official explanation of his or her benefits (see Figure 1). The Plan and its TPA clearly informs the patient: 1) how much was billed: $45,450.72; 2) how much was not covered: $45,450.72; and 3) how much the patient owed: $0.00. In this PEOB, the Plan and its TPA unilaterally gave Patient J.F. a dubious discount of the *entire* billed charges, since the amount not covered equaled the amount billed, yet the patient is told he or she owes nothing.

276.    This contrived discounted amount is again confirmed in the EOMB, a document which is given to the provider, where, 1) under the Not Covered/Discount column, the full billed amount is listed as $45,450.72; 2) under the Allowed Amount column, the data is oddly left blank; and 3) the amount the provider has been paid, $0.00 (see Figure 2).

277.    In direct conflict with the EOMB and the PEOB, the ERA certified the amount Plaintiffs were truly entitled to in the *Allowed Amount*: $11,362.68 (see Figure 3). This conflict

between the allowed amount and discounts provided within the other financial documentation shows Patient J.F.'s financial responsibility is $0.00 on a $45,450.72 claim, of which the Plaintiff was entitled to at least $11,362.68.

278.    In comparison, we have Patient J.C., who is a plan beneficiary covered under plan sponsor Akin Gump Strauss Hauer & Feld LLP's Medical Plan. As with Patient J.F. and all other patients, Patient J.C. has signed all the same documents, and conveyed all of the same rights to Plaintiff, including the assignment of Patient's J.C.'s legal claims. However, the EOB, while still conveying that Plaintiff is clearly entitled to payment, changes the codes that are cited by Defendant and its TPA, Cigna in an attempt to further cover up their fraudulent actions.

279.    These differences are shown below:

[INTENTIONALLY LEFT BLANK]

**Figure 4: Patient Explanation of Benefits ("PEOB"):**



**Figure 5: Provider Explanation of Medical Benefits ("EOMB"):**

**Figure 6: Electronic Remittance Report ("ERA")**



280.   Even more egregiously, Patient J.F. is absolved of all patient responsibility, while in this instance, and many others, the Defendant Plan stated to the Plaintiff that it is *entitled to its full billed charges* of $139,847.62.[11]

### E.  The Plan's Fiduciaries Together Engaged in an Elaborate Scheme to Embezzle Plan Funds at the Expense of its Beneficiaries—Allowed Amount

281.   Typically, the Plan co-fiduciary, Cigna, as the TPA, is solely authorized by Defendants to make eligible Allowed Amount determinations on behalf of Defendants for every

---

[11] Note in Figure 6, *supra*, the Allowed Amount equals the Billed Amount.

claim that is submitted. After Cigna makes an Allowed Amount determination, plan funds are withdrawn to the payment of claim benefits. Plaintiff is supposed to be paid through the Plan Assets the Allowed Amount minus any out of pocket Plan Beneficiary expenses (hereinafter, "Entitled Amount").[12]

282.    Together, the Defendants and their co-fiduciary Cigna began to justify their complicated embezzlement scheme by accusing the Plaintiff of "fee-forgiveness," meaning the Plaintiff waived all or a part of the patient's deductible, co-pay, and co-insurance. This is evidenced by the "A0" claims note in the EOMB's, stating: "*See the exclusions page of your Cigna-administered plan document: Charges Which You Are Not Obligated To Pay or For Which You Are Not Billed or For Which You Would Not Have Been Billed Except That They Were Covered Under the Plan Are Not Covered. Cigna Will Reconsider This Claim Once We See Proof of Your Payment.*"

283.    Based on the claims documents quoted above, Defendants, through Cigna, fraudulently deceived Plaintiffs and the plan beneficiaries by informing Plaintiffs that the Entitled Amounts owed to Plaintiff were "denied" as a result of Plaintiffs' "failure" to collect the patient's out of pocket expenses, while simultaneously informing Patient's J.F. and J.C. that their patient obligations are $0.00 and owed Plaintiffs no out of pocket expenses—thereby making it impossible for Plaintiffs to do what Defendants requested.

284.    Defendants knew or should have known that when the Defendants, through Cigna, officially determined an Entitled Amount to be paid to Plaintiffs for services provided to Patients J.F. and J.C. and many other patients, then that Entitled Amount should be paid to Plaintiffs; especially, since Defendants knew or should have known that the Entitled Amount was already

---

[12] Out of pocket expenses include deductible, co-pays, and co-insurance.

funded with Plan Assets, and as a result, Plaintiffs are the entitled recipients of the Entitled Amounts under the terms and conditions of the Plans and as the authorized claimants of the plan beneficiaries. Lastly, Defendants knew or should have known through Plaintiffs' countless efforts to appeal and alert the Plans of this self-dealing misconduct that Plaintiffs were never paid the Entitled Amounts.

285.    Additionally, Defendants, through Cigna, made official and certified representations to Plaintiffs and Patients J.F. and J.C. that the patient's cost sharing obligation is $0.00, and that Plaintiffs shall not collect from these patients any of their cost sharing obligation in accordance with the terms of the Plan. The specific language telling Plaintiffs to not collect is contained in Figure 3, where Plaintiffs are instructed "Contractual Obligations. The patient may not be billed for this amount." Therefore, if Plaintiffs are informed by Defendants, through Cigna, that it cannot collect from Patients J.F. and J.C. their cost sharing obligation, and the patients are not obligated to pay Plaintiffs their cost sharing obligation because they have been notified that their cost sharing obligation is $0.00, then there is nothing for Plaintiffs to "forgive" or collect from any of the plan beneficiaries. Plaintiff are entitled to the full Entitled Amounts that they were denied due to the sham "fee-forgiveness protocol".

286.    Defendants knew or should have known it has allowed Cigna to convert the Entitled Amount into payments directly to Cigna, while Cigna told the Plaintiffs the money was being withheld pending the provision of additional patient documentation, as exemplified by claim note A1 in the EOMB's and the claims codes PI-226 and N517 within the ERA's.[13]

287.    When Defendants were confronted about this "withholding" of the Entitled

---

[13] The relevant language reads as such: claims note A1 states: "We haven't received the information we requested about this claim. We'll close it until we get the information we need"; claims code PI-226 states: "Payor initiated reductions . . .Information requested from the Billing/Rendering Provider was not provided or was insufficient/incomplete"; and claims code N517 states: "Resubmit a new claim with the requested information."

Amount, instead of outright refuting the assertion, their co-fiduciary's counsel stated "Replete throughout your letter is Altus' contention that Cigna does not have the legal right or authority to withhold the payment benefits . . . [i]n fact, Cigna has every right to do so."

288.    Defendants knew or should have known that the alleged fee-forgiveness protocol was not even triggered or will never be applicable when the Plans have unambiguously certified that patient cost-sharing obligation is zero after the patients have satisfied maximum out of pocket. Defendants knew or should have known that the co-fiduciary issued a payment to itself for already approved benefit payments and then deceptively advised Plaintiffs to collect more cost-sharing monies from the plan participant when the Plans' co-fiduciary had already determined the patient obligation was zero. Defendants committed this act with the intention and actual knowledge to employ this fraudulent scheme to indefinitely abstract and convert the benefit plan payment for their and Cigna's use.

### F.    The Plan's Fiduciaries Together Engaged in an Elaborate Scheme to Embezzle Plan Funds at the Expense of its Beneficiaries—Cost Containment Fees

289.    Contrary to the Defendants' respective fiduciary duty to pay only *reasonable* fees for the administration of an ERISA plan, Defendants allowed unconscionable and excessive fees characterized as "Cost Containment Fees" to be charged by Cigna.[14] These unconscionable and excessive fees were charged by imposing a duplicitous methodology of claim processing solely to trigger "Cost Containment Fees."

290.    Defendants entered into ASO agreements with Cigna that purports to permit withdrawal of Plan assets based on a purported "savings." These "Cost Containment Fees" are

---

[14] *See* 29 U.S.C. § 1104.

calculated by applying a specified percentage (generally 29% to 35.4%) to the "savings" resulting from a negotiated amount with the provider thereby preventing balance billing of the plan member/patient.

291.    According to these ASO agreements, the "Cost Containment Fees" are only to be applied where 1) an out-of-network provider agrees to a negotiated amount; *and* 2) such negotiated amount prevents the patients from being balance billed, thereby "substantially reducing" the patient's out of pocket cost:

> *For covered services from non-Participating Providers, [CIGNA] may apply discounts available **under agreements with third parties or through negotiation of billed charges.** These programs are identified below as the Network Savings Program, Supplemental Network & Medical Bill Review (pre-payment)....[CIGNA] charges the percentage shown for administering these programs. Applying these discounts may result in higher payments than if the maximum reimbursable charge is applied. Whereas application of the maximum reimbursable charge may result in the patient being balance billed for the entire unreimbursed amount, **applying these discounts avoids balance billing and substantially reduces the patient's out-of-pocket cost.***

(emphasis added).

292.    In complete disregard to these requirements, Defendants allow funds from the Plans to be withdrawn under the guise of a "savings" compensation structure as a means to cloak blatant misappropriation of funds. That is, Defendants colluded with Cigna to apply a fake 100% "negotiated discount" of Plaintiffs' billed charges.

293.    Defendants, through Cigna, applied a fabricated Contractual Obligation ("CO") code. This means that the claims had been falsely processed by as if they fell under a PPO contract, or re-pricing vendor agreement, when in truth, this out-of-network provider never entered into any such agreement (See Figure 3 as an example of use of "CO" code). Then, rather than issuing payment of plan funds, Cigna implemented its "fee-forgiveness" scam to wrongfully refuse payment to the providers under a false plan exclusion.

294.     Though a third party re-pricing agreement exists with Plaintiffs, that agreement stipulates a 20% discount from Plaintiffs' billed charges but no such ludicrous agreement exists that would purport to provide a 100% discount.[15]

295.     Meanwhile, Defendants and Cigna tell the Plaintiff an entirely different story – claiming that the charges were deemed "not covered" under a methodology that does not exist within any of the Plans. Defendants and Cigna even went as far as to prohibit Plaintiffs from balance billing the patient, frustrating Plaintiffs' collection efforts. Hence, in effect, Defendants permitted egregious "savings" fee withdrawals from the Plans while defrauding the Plaintiffs into being drawn into a futile and overly complex appeals process.

296.     Critically, even when Plaintiffs appealed and alerted Defendants of its misconduct, Defendants either knowingly approved of this skimming scheme in order to continue maximizing fake "savings" to the Plan by zero-paying Plaintiffs' claims, or at the least, Defendants held a reckless disregard to their fiduciary duties and failed to investigate.

297.     Even worse, contrary to what a prudent fiduciary would do, Defendants not only permitted Cigna to automatically pay itself with Plan funds for fees (a prohibited self-dealing transaction under ERISA),[16] Defendants never monitored or tracked the specific fees that Cigna was paying to itself and never required Cigna to itemize and account for the financial transactions made by Cigna in sufficient detail.  Thus, for any given claim, Defendants blindly permitted Cigna

---

[15] In response to our appeals and allegations involving the "CO" code, Defendants, through Cigna, stated "Your entire embezzlement theory rests upon the faulty assumption that it was somehow inappropriate for Cigna to rely on your contractual relationship with Multiplan . . . as the predicate for the contractual obligation code appearing in the [ERA]." This Court stated in its *Humble Surgical* decision, involving a different surgery center network, that "Both Multiplan and Viant negotiated repricing agreements on Humble's claims pursuant to Cigna's "cost containment" designation. Under Cigna's ASO Agreements, Cigna designated self-insured plan claims as cost containment claims subject to negotiation. Cigna earned a portion of its income from the "savings" realized by this method." *Connecticut Gen. Life Ins. Co.*, 2016 WL 3077405, at *7. This Court affirmed that Cigna was taking fee's related to these "negotiated" claims, and Defendants and Cigna confirmed in their communication that these negotiated claims tied back to Plaintiffs' claim codes.
[16] *Barboza*, 799 F.3d at 1270.

to withdraw plan funds for payment of the claim, but failed to track the true, actual amounts paid by Cigna to the healthcare provider, or the true, actual amount Cigna paid to itself.

298.     Defendants have continuously ignored and breached their fiduciary duties. Despite actual knowledge of Cigna's misconduct, and the glaring conflict of interest between them as ERISA co-fiduciaries under 29 U.S.C. § 1105, Defendants categorically rejected the standards of reason and prudence required of them, and instead, continued to enable, ratify and join Cigna in engaging in misconduct harmful to the plan beneficiaries.  As a result of Defendants' utter failure to take any corrective actions and willful refusal to pay the benefits owed by the Plan, the Assignor-Patients (beneficiaries of the Plan) are potentially left personally exposed to financial liability for their unpaid medical bills.

299.     Defendants not only promised to provide out-of-network benefits to their employees and their dependents, Defendants charged and collected premiums from them. Unfortunately, the out-of-network benefits promised to beneficiaries of the Plan were apparently fictional, as Defendants have paid *nothing* to the Assignor-Patients' out-of-network provider. Instead of paying the providers who have medically treated their plan beneficiaries, Defendants enable and allow their agent and co-fiduciary Cigna to unlawfully use the plan funds to pay itself grossly excessive and fundamentally unfair amounts.  Meanwhile, Defendants seek to unlawfully punish and penalize their plan beneficiaries for electing to use their promised out-of-network benefits by wrongfully refusing to pay for their out-of-network claims.

300.     By knowingly and willfully making, approving, and upholding these adverse benefit claims determinations without valid reasons to support them, and by failing to avoid self-dealing transactions prohibited by ERISA, Defendants violated their fiduciary obligations under ERISA.

### G. Defendants Ignored Plaintiffs' Numerous ERISA Appeals Alerting Them of Cigna's Misconduct, and Improperly Denied Plaintiff's Repeated Requests for Plan Documents and Full and Fair Review.

301.    Following receipt of the wrongful blanket denials of benefits issued by Defendants, Plaintiffs timely lodged ERISA appeals challenging the adverse benefit determinations.  In fact, Plaintiffs sent Level 1 Appeals by certified mail to the Defendants *and* their co-fiduciary Cigna.

302.    In all of the Level 1 Appeals submitted, Plaintiffs challenged Defendants' bogus denial bases, showing that the Assignor-Patients were, in fact, "obligated to pay" the charges in question.  Plaintiffs' Level 1 Appeals also noted that the denials of benefits based upon a supposed need for more information were fatally flawed because Cigna failed to precisely identify the information needed for each specific patient.

303.    Additionally, time and time again, with each Level 1 Appeal, Plaintiffs requested plan documents, including the Plan's Summary Plan Description (SPD), the Summary of Benefits and Coverage (SBC), the final or master governing documents, the Plan's Form 5500, the complete administrative file, *and* certification of PPACA grandfathered status.

304.    Critically, every Level 1 Appeal submitted on behalf of the Assignor-Patients directly notified Defendants of the self-dealing misconduct raised in this Complaint:

> *Breach of Fiduciary Duty. The Plan Administrator is, by statute, a fiduciary of the Plan.9 As a fiduciary, you have a strict obligation to discharge your duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries. Cigna is also acting as a fiduciary by exercising discretion in whether to pay our claim and what amount of our claim to pay. This exercise of discretion is an inherent function of a fiduciary and you must discharge it, too, in strict accordance with the Plan and the statute.  Cigna has made a determination to deny benefits without valid data to substantiate its determination, by acting in an arbitrary and capricious manner, by omitting and/or misstating material*

*information about its determination, and by making misrepresentations about coverage and the adverse benefit determinations. This conduct demonstrates a failure to act with the care, skill, prudence, and diligence that a reasonable and prudent plan administrator would in a like or similar circumstance, and it demonstrates a failure to act in accordance with the documents and instruments governing the Plan, which you must do. This arbitrary decision to deny benefits in our claim maximizes Cigna's profits at the expense of the Plan's participants and beneficiaries, of whom [PATIENT] is one and we, by virtue of the assignments to us, are another. Therefore, continued refusal to deny the benefits will entitle us to seek damages, including a surcharge.*

(emphasis added).

305.    In response to the Level 1 appeals, Defendants rarely produced governing master plan documents, and only produced a document marked "ASO26" "Open Access Plus Medical Benefits" booklet (hereinafter "the Cigna ASO26 Booklet").   Critically, the Cigna ASO26 Booklet fails to satisfy the statutory requirements outlined for a Summary Plan Description, as defined in 29 U.S.C. §1022.   Further, because Defendants almost always refused to supply Plaintiff with any governing or master plan document, Defendants prejudicially left Plaintiffs with no means to even determine or confirm whether the Cigna ASO26 Booklet was ever officially or properly adopted by the Plan, or if its terms conflicted with the governing or master plan document.

306.    Following the Level 1 appeals, Defendants upheld and ratified Cigna's denials of benefits based upon the fee-forgiveness "not obligated to pay" clause contained within the Cigna ASO26 Booklet.

307.    By March 10, 2015, in *North Cypress v. Cigna,* 781 F.3d 182 (5th Cir. 2015), a case brought against Cigna for denials of benefits based upon the same exact purported "obligated to pay" plan exclusion used in the fee-forgiveness scam described above, the United States Fifth Circuit of Appeals rendered its opinion directly notifying Cigna that there were "strong arguments" that its interpretation of the clause was not "legally correct."   Critically, the Fifth

Circuit explained that the "ordinary plan members who read [the exclusion]" would be unlikely to "understand the language to condition coverage on the collection of coinsurance, rather than simply describing the fact that the insurance does not cover all of a patient's costs."  Despite alerting the Defendants to this fact, Defendants allowed Cigna to continue to issue its strange stance, and continued to demand proof that providers collected patients' deductibles and co-insurance amounts in full before paying benefits claims submitted by out-of-network providers. Furthermore, This Court, in its interpreting of the Fifth Circuit's opinion stated Cigna's interpretation of the exclusion "charges for which you are not obligated to pay" is "flawed" and "legally incorrect."[17] And most significantly, This Court has definitively stated it "is of the opinion that ERISA does not permit the interpretation embraced by Cigna" and that Cigna's actions, on behalf of Defendants, "was improper and violative of the plans' terms."[18] Since this Court has delivered its opinion, Defendants and their TPA, who have been made aware of the decision by its publication, have yet to correctly and justly administer the claims at issue.

308.    As a result of Defendants' continuing arbitrary and wrongful denial of benefits, Plaintiffs again lodged more appeals to Defendants and Cigna, again requesting a full and fair review of every claim, a copy of the entire claim file, a copy of the Summary Plan Description, the IRS Form 5500, and the master governing plan documents.  Again, Plaintiffs sent Defendants *and* Cigna Level 2 appeals for the assigned claims.

309.    Once again, Plaintiffs identified the fatal flaws in Defendants' adverse benefit determinations, and due to the inherent conflict of interest between Cigna and Defendants, encouraged Defendants to seek independent legal counsel not appointed or otherwise engaged by Cigna to look into Plaintiff's concerns.

---

[17] *Connecticut Gen. Life Ins. Co.*, 2016 WL 3077405, at *37.
[18] *Id.* at 38.

310.    Following Plaintiffs' Level 2 Appeals, Defendants still failed and refused to provide full and fair *de novo* reviews of the Assignor-Patients' claims.  As they did before, Defendants did not directly respond to Plaintiffs.  Defendants continued to refuse to take any corrective action.  Rather, Defendants continued to ratify Cigna's wrongful assertion that benefits payments by the Plan were conditioned upon proof that the Assignor-Patients' paid their deductible and co-insurance amounts in full.  Defendants maintained and upheld their adverse benefits determinations arbitrarily and capriciously.  Plaintiffs again tried to obtain the precise, ERISA-compliant reasons for Defendants' denial of Plaintiffs' claims, but to no avail.  Meanwhile, Cigna misappropriated and paid to itself the amounts it withdrew from the Plans' benefits accounts for Plaintiffs' claims.

311.    By October 2015, Plaintiffs corresponded to Defendants lodging its final voluntary Level 3 appeal of the Assignor-Patients' claims.  Specifically, Plaintiffs pointedly notified Defendants of Cigna's embezzlement of plan funds and even identified the scheme employed to conceal same, as detailed herein.  Plaintiffs requested and encouraged Defendants to conduct their own investigation, and pleaded with Defendants to supply Plaintiffs with evidence disproving their suspicions.

312.    Even after Plaintiff's Level 3 voluntary appeal of all Assignor-Patients' claims, despite actual knowledge of details as to their co-fiduciary's embezzlement scheme that continues to harm their Plan beneficiaries through ongoing wrongful denials of benefits and usurping of plan funds, Defendants refused to independently conduct its own investigation.  Alarmingly, despite explicit warnings as to their own co-fiduciary liability, Defendants imprudently forwarded Plaintiffs' Level 3 letter to Cigna, the very perpetrator of the suspected misconduct.  Defendants continued to refuse to exercise their discretionary authority and to woefully maintain deference

to Cigna.

313.    Even though Plaintiffs fervently attempted to engage in the appeals process, it was clear that the appeals were futile.[19]

314.    Cigna has already clarified its position as to the contents of Plaintiffs' Level 3.  In their response to the Level 3, Cigna expressed its position that all letters sent by Cigna's counsel, William Welch, to Plaintiff (on behalf of any plan) as being part of the administrative record for all Cigna claims appeals.  Cigna's inclusion of all letters previously sent by its legal department to Plaintiffs affirmatively conveyed that any further attempts to appeal claims to Defendants were essentially futile, effectively confirming that Plaintiff had exhausted its administrative remedies.

315.    Tellingly, Cigna's response to Plaintiffs' Level 3 assertions contained only blanket non-substantive denials.  Specifically, Cigna's response utterly failed to directly deny or dispute that Plaintiffs' out-of-network claims were falsely processed as "CO" PPO or repricing claims.  Further, Cigna utterly failed to directly deny or dispute that it paid itself with funds from the plan for Plaintiffs' submitted but unpaid claims.   Instead, Cigna merely argued that the flatly incriminating EPRAs identified by Plaintiff were not actually EOBs but "835 Remittance Advice" statements issued to the provider.  Further, while Cigna's letter claimed to "reject" Plaintiff's contentions, Cigna wholly failed to present any facts or financial accounting records that challenged the suspicions of misconduct asserted.

316.    In April of 2016, the most egregious of the Plan Sponsors received a letter from Plaintiffs, outlining Plaintiffs' belief that their actions warrant investigation by the Department

---

[19] *See Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*, No. 13-CV-3422-WJM-CBS, 2016 WL 1089697, at *9 (D. Colo. Mar. 21, 2016) (holding that out of network providers sufficiently established futility in appealing all claims following Cigna's implementation of its fee-forgiveness protocol.) "Once Cigna imposed a blanket policy of how to handle the ASC's claims, the ASC's could be certain that Cigna would reject their appeals pursuant to that policy." *See id.*

of Labor. Again, most Defendants merely passed Plaintiff's letter, and concerns, over to their co-fiduciary who has a clear conflict of interest when it comes to the administration of Defendants' plan benefits.

317. Plaintiffs have fully exhausted all administrative remedies under the Plan, having submitted numerous appeals to Defendants and Cigna, the Plan's TPA, by United States Mail, certified with return receipt requested.  Additionally, through written correspondence from Cigna, Defendants confirmed that any further appeals from Plaintiff would be futile, and have expressly conceded that Plaintiffs have exhausted all of its administrative remedies and have the right to institute judicial action to redress the wrongs complained of in this lawsuit.

## V.  COUNT ONE

### Claims under § 502(a) of ERISA for Defendants' Failure to Comply with Plan Terms in Violation of ERISA

318. Plaintiffs incorporate and realleges the allegations set forth above.

319. Plaintiffs have an assignment of benefits from the Assignor-Patients who are covered under the Plan.  The assignment of benefits that Plaintiffs received from the Assignor-Patients confers upon Plaintiffs the status of a "beneficiary" under § 502(a) of ERISA, 29 U.S.C. § 1132(a). As the beneficiary, Plaintiffs are entitled to recover benefits due to it and/or to the patients under the terms of the Plans and applicable law, including (but not limited to) § 502(a)(1)(B) of ERISA; and to pursue equitable relief under applicable law, including (but not limited to) § 502(a)(3) of ERISA.

320. Defendants are liable to Plaintiffs under § 502(a) of ERISA, 29 U.S.C. § 1132(a), for violations of ERISA and the terms of the Plans, including (but not limited to) the following:

321. In violation of ERISA, Defendants knowingly and willfully failed to make

payment of benefits to Plaintiffs and/or to Assignor-Patients, as required under the terms of the Plans and applicable law, as described herein;

322.    In violation of ERISA, Defendants knowingly and willfully failed to provide beneficiaries with a "full and fair review" concerning denial of claims, as required by 29 U.S.C. § 1133(2);

323.    In violation of ERISA, Defendants wrongfully entered into unlawful arrangements with Cigna in a manner that encourages false denial of benefits based upon a compensation model that maximizes profit to Cigna resulting from vague "savings" achieved through wrongful denial of claims rather than based upon the terms of the plans; and

324.    In violation of ERISA, Defendants violated their fiduciary duties, and despite knowledge of Cigna's embezzlement of plan funds, Defendants refused to take corrective actions, and continued to authorize, encourage, enable, and empower Cigna to continue skimming plan funds.

325.    Plaintiffs have suffered damage as a result of Defendants' violations of ERISA. Plaintiff is entitled to monetary damages and/or restitution from Defendants as well as other declaratory and injunctive relief related to the enforcement of the plan terms. As a direct and proximate cause of the damage, assignee Plaintiffs have been and continue to be damaged in the amount of at least $11 million in unpaid benefits. Furthermore, Defendants are liable to Plaintiff for interest, attorneys' fees, and other penalties as this Court deems just, including the issuance of appropriate declaratory and injunctive relief against Defendants in order to recover the full extent of Plaintiff's ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) claims..

## VI.  COUNT TWO

### Breach of Fiduciary Duty and Co-fiduciary Liability

326.    Plaintiffs incorporate and reallege the allegations set forth above.

327.    Pursuant to ERISA §502(a)(3) and 29 U.S.C. §1132(a)(3), Plaintiffs, as assignee of the rights of the Assignor-Patients, avers that Defendants breached their fiduciary duties to the Plaintiffs in connection with the subject claims.

328.    In their capacity as Plan Administrators, Defendants are fiduciaries of Plaintiffs' because Plaintiffs, as a legitimate assignee of the Assignor-Patient's rights, stands in the same place as the patient in connection with the coverages and other benefits and rights under the Plan, as ERISA contemplates and defines such terms.

329.    Defendants breached their fiduciary duties to Plaintiffs, as assignee, by failing to act in accordance with the documents and instruments governing the Plans, by making and upholding wrongful invalid adverse benefit determinations and/or doing so in an arbitrary and capricious fashion, by omitting material information about their determinations and otherwise failing to provide beneficiaries with adequate notice concerning those claims determinations, by failing to provide ERISA mandated full and fair review of the claim appealed, and/or by making willful, knowing, repeated, and systematic misrepresentations about coverage and their adverse benefit determinations. These acts and omissions include, without limitation, Defendants' insistence that Plaintiffs bill and collect from its patient all unmet deductibles and other uncovered amounts when the governing Plans documents do not contain such requirement, and despite contradicting information contained in the ERA declaring that all of the deductible, co-insurance, and patient responsibility amounts were "0.00."

330.    Further, as fiduciaries, Defendants owe the beneficiaries of the Plans a duty of loyalty and care under ERISA § 404 and 29 U.S.C. § 1104. This duty is further defined by ERISA

§ 406, 29 U.S.C. § 1106, as an obligation to make decisions in the interest of beneficiaries, and to avoid self-dealing or financial arrangements that benefit the fiduciary at the expense of beneficiaries. Contrary to their fiduciary duty of loyalty under ERISA, Defendants knowingly entered into an arrangement with Cigna which encourages and promotes co-fiduciary self-dealing misconduct by compensating Cigna based upon savings from reduced benefits payments. Such an arrangement results in an inherent conflict of interest between Cigna's desire to maximize profit by falsely denying otherwise claims and Defendants' fiduciary obligation to make payments in accordance with the terms of the Plans. Further, such an arrangement results in grossly excessive payments to Cigna that are fundamentally unfair.

331.    Despite knowledge of Cigna's overall embezzlement of plan funds, self-dealing misconduct and invalid denials of benefits, Defendants enabled, approved, ratified, and otherwise failed to remedy the known breaches of duty by its co-fiduciary.

332.    Defendants are liable to Plaintiffs for the violations of fiduciary duty described herein and for violations of its duties as a co-fiduciary under 29 U.S.C. §1105. Plaintiffs have been damaged and continues to suffer damage as a direct and proximate cause of Defendants' wrongful conduct described herein. Plaintiffs are entitled to damages, equitable relief (including, but not limited to surcharge), and injunctive relief, including Defendants' removals as breaching fiduciaries and prohibition from ever serving as a plan fiduciary under ERISA §502(a)(2) and 29 U.S.C. §1132(a)(2).

## VII.  COUNT THREE

### Failure to Provide Full and Fair Review

333.    Plaintiffs incorporate and reallege the allegations set forth above.

334.    Defendants qualify as "plan administrator[s]" within the meaning of that term

under ERISA.  Defendants are designated as the plan administrator for the Plan, or otherwise act in the role of a plan administrator with the discretion generally accorded to a plan administrator. As such, Plaintiffs are entitled to assert a claim for relief under 29 U.S.C. §1132(a)(3).

335.    Although Defendants were obligated to do so, Defendants failed and refused to provide a "full and fair review" to Plaintiffs, on their own and by and through their agent and co-fiduciary Cigna, and otherwise failed to make necessary disclosures pursuant to 29 U.S.C. §1133 and the regulations promulgated under ERISA. Plaintiffs appealed to Defendants and Cigna on multiple occasions, and as a result exhausted all of its administrative appeal requirements under the Plans and ERISA before bringing this lawsuit.

336.     Defendants' misconduct recited above was the direct and proximate cause of Plaintiffs' harm.

## VIII.  COUNT FOUR

### Failure to Provide Requested and Required Documentation

337.    Plaintiffs incorporate and reallege the allegations set forth above.

338.    Defendants have not provided the following requested documents, which ERISA requires it to produce to Plaintiffs upon request: a complete and accurate master governing plan document, a complete and accurate summary plan description, the complete administrative claim file, and all documents showing the actual basis for the adverse benefit determination and the methodology used in applying that basis and making that determination.

339.    Defendants' failure to comply with Plaintiff's request for information pursuant to 29 U.S.C. §1132(c)(1)(B) provides a civil penalty/sanction in the amount of $110.00 per day for such failure or refusal to provide the requested documents and information and Plaintiffs are entitled to receive this sanction against Defendants, in addition to an order from this Honorable

Court compelling Defendants to produce the requested documents. Defendants have received numerous written requests (on at least three separate occasions) from Plaintiffs specifically requesting these documents, but Defendants knowingly and intentionally failed and refused to provide them, in violation of ERISA, causing harm and prejudice to Plaintiffs.  Defendants' failure to disclose the requested plan documents was intentional, willful, and committed in bad faith, to further deceive.

## VIV. COUNT FIVE

### Remove Plan Fiduciaries

340.    Plaintiffs incorporates and realleges the allegations set forth above.

341.    The Defendant Plan Administrators and co-fiduciary Cigna committed fiduciary breaches with actual knowledge, malice, and intent even after repeated notices and alerts from Plaintiff by recklessly disregarding their fiduciary duties encompassed under federal and statute regulations. Defendant Plan Administrators and co-fiduciary Cigna are continuously and irrevocably harming and injuring Plan Beneficiaries with no intention to stop. Plaintiffs are seeking injunctive relief or a declaratory order to remove the Defendant Plan Administrators as fiduciaries and administrators to the Defendant Plans permanently, and to prevent the Defendant Plan Administrators from ever being fiduciaries and administrators to any ERISA governed plans in the future. Plaintiffs are also seeking injunctive relief or a declaratory order to remove Cigna as a co-fiduciary and TPA to the Plan permanently.

## X.  COUNT SIX

### Attorney's Fees

342.    Plaintiffs have presented claims to Defendants demanding payment for the value

of the services described above. More than 30 days have passed since those demands were made, but Defendants have failed and refused to pay Plaintiffs. As a result of Defendants' failures to pay these claims, Plaintiffs were required to retain legal counsel to institute and prosecute this action. Plaintiffs are therefore entitled to recover reasonable attorney's fees for necessary services rendered in prosecuting this action and any subsequent appeals.

343.    Plaintiffs are also entitled to an award of attorney's fees on its ERISA claims. ERISA allows a court, in its discretion, to award "a reasonable attorney fee and costs of action to either party." [20]

344.    Plaintiffs demand a jury trial on all issues for which trial by jury is permitted.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Honorable Court issue judgment against Defendants granting Plaintiff the following relief:

1.  Plaintiffs' actual damages;

2.  Statutory penalties and surcharges permitted by law;

3.  Attorney's fees, including attorney's fees in the event of an appeal of this lawsuit;

4.  Prejudgment and post-judgment interest at the highest rates permitted by law;

5.  An injunction and/or other equitable relief as appropriate to arrest, correct, and prevent acts and omissions by Defendants that violate the Plan and/or ERISA, including, but not limited to, removal of Defendants as plan fiduciaries;

6.  Plaintiff's costs of court; and

7.  All other relief, legal and equitable, to which Plaintiffs may be justly entitled.

---

[20] 29 U.S.C. §1132(g)(1); *see Hardt v. Reliance Std. Life Insurance. Co*., 130 S.Ct. 2149, 2152 (2010); *see also Baptist Mem. Hosp. - Desoto, Inc. v. Crain Auto., Inc.,* 392 Fed. Appx. 289, 299 (5th Cir. 2010).

Dated: June 9, 2016                       Respectfully submitted,

                                          ALTUS HEALTH SYSTEM

                                          /s/  Rustam Abedinzadeh
                                          Rustam Abedinzadeh
                                          State Bar No. 24087070
                                          11233 Shadow Creek Pkwy, Suite 313
                                          Pearland, Texas 77584
                                          Telephone: 832-230-5909
                                          Facsimile: 832-769-3603
                                          Email: rabedinzadeh@altushealthsystem.com

                                          **ATTORNEY-IN-CHARGE FOR
                                          PLAINTIFFS**

**OF COUNSEL:**
Nasir N. Pasha (*Pro Hac Vice Pending*)
State Bar No. 24086943
Pasha Law PC
302 Washington St Suite 150-6440
San Diego, CA 92103
Telephone: 858-779-9604
Facsimile: 858-605-1408
Email: pasha@pashalaw.com