IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRUE VIEW SURGERY CENTER ONE, LP, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 4:16-cv-01648<br>) |
| MILA NATIONAL HEALTH PLAN, *et al.*, | )<br>) |
| Defendants. | ) |

## HCA HEALTH AND WELFARE BENEFITS PLAN'S AND SABRINA RUDERER'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Randall A. Constantine
MAZURSKY CONSTANTINE LLC
999 Peachtree Street
Suite 1500
Atlanta, GA 30309
404.888.8877
404.926.2977 (facsimile)
rconstantine@mazconlaw.com

Attorneys for Defendants HCA Health and Welfare Benefits Plan and Sabrina Ruderer

Defendants HCA Health and Welfare Benefits Plan (the "HCA Plan") (incorrectly identified as "HCA Inc. Health and Welfare Benefits Plan" in the complaint) and Sabrina Ruderer (collectively, the "HCA Defendants"), by and through their undersigned counsel, respectfully move this Court pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss plaintiffs' complaint against them and in support thereof submit this memorandum of law.

## PRELIMINARY STATEMENT

Plaintiffs assert six counts against the HCA Defendants, all of which are premised on the alleged improper denial of their out-of-network benefit claims. All six counts are fatally flawed and must be dismissed.

Significantly, as medical providers, plaintiffs are not one of the enumerated parties with standing to bring claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). In an effort to demonstrate derivative standing under ERISA, plaintiffs in very broad conclusory terms allege the existence of purportedly valid assignments obtained from participants and/or beneficiaries in the HCA Plan. But the alleged assignments are void given that the HCA Plan prohibits them. Moreover, even if the assignments were legally valid (which they are not), they only convey the right to assert claims for payment of benefits under ERISA § 502(a)(1)(B) – not the right to seek recourse for alleged fiduciary breaches and other ERISA violations. For all of these reasons, plaintiffs lack standing to assert any ERISA claims against the HCA Defendants on behalf of their patients.

In addition (and alternatively), all of plaintiffs' "non-benefit" counts asserting claims pursuant to ERISA §§ 502(a)(2), 502(a)(3) & 502(c) must be dismissed because they are not asserted against the proper ERISA party. Plaintiffs' claims for "equitable relief" pursuant to

ERISA § 502(a)(3) must also be dismissed because plaintiffs have an adequate remedy elsewhere under ERISA, namely their already pleaded claim for benefits under ERISA § 502(a)(1)(B). Plaintiffs' ERISA § 502(a)(2) claims likewise fail because they do not seek the type of relief authorized by that provision of ERISA.

**FACTS**

Plaintiffs' ERISA action against the HCA Defendants is based on seven benefit claims for services allegedly provided to participants and/or beneficiaries of the HCA Plan in 2015 and 2016. *See* Compl., Ex. 1. The operative plan documents for these benefit claims are attached as Exhibits 1 through 3 of the Affidavit of Alicia Fleming. *See* Exhibit A (attached hereto).

The HCA Plan is comprised of the "wrap" plan document and the summary plan description ("SPD") for each of the respective benefit programs offered under the Plan. *See* Fleming Aff., Ex. 1, p. 2 (defining "Plan Document"; "The plan document is comprised of this Plan document and, with respect to each benefit program included within the Plan, the summary plan description(s) applicable to that benefit program."); *id.,* p. 4 (Section 2.4(a); "The plan document for each of the Benefit Programs offered under a welfare benefit portion of this Plan is this Plan document and the Summary Plan Description applicable to that Benefit Program."); *see also* Fleming Aff., Ex. 2, p. 3 ("For the Health and Welfare Benefits Plan, the plan documents consist of this SPD . . . and the plan document."); Fleming Aff., Ex. 3, p. 3 (same).

Significantly, the HCA Plan contains express anti-assignment provisions, which prohibit the assignment of rights and benefits under the Plan. More specifically, the wrap plan document expressly provides as follows:

> Assignment. If applicable, a Covered Person may authorize the Plan to directly pay the service provider or hospital that provided the Covered

> Person's covered care and treatment. Except as provided in the foregoing sentence . . . a Covered Person may not assign or alienate any payment for any Benefit Program that he or she is entitled to receive from the Plan.

Fleming Aff., Ex. 1 at p. 9.

The 2016 SPD further prohibits assignments to healthcare providers and deems any attempt by a provider to obtain an assignment as void:

> Assignment of Benefits. No benefit under the medical benefits portion of this Plan shall be subject to alienation, sale, transfer, assignment, pledge, or encumbrance or charge, voluntary or involuntary, by operation of law or otherwise, *and any attempt at such transaction(s) shall be void. You may not assign your rights, benefits, or any other interest under this Plan to a healthcare provider or any other individual or entity.* The applicable Claims Administrator may, however, in its discretion, pay a healthcare provider directly for services rendered to you or your covered dependent(s*). The payment of benefits directly to a healthcare provider, if any, will be done as a convenience to you and your covered dependent(s) and will not constitute an assignment of rights, benefits or any other interest under the Plan or a waiver of this anti-assignment provision.*

Fleming Aff., Ex. 3 at p. 2 (emphasis added).[1]

As discussed more fully below, these unambiguous provisions preclude plaintiffs' suit.

## ARGUMENT AND CITATION OF AUTHORITY

**I.    Plaintiffs lack standing to assert ERISA claims against the HCA Defendants.**

   **A.    The HCA Plan prohibits assignments.**

Plaintiffs allege they have proper standing to sue under ERISA because all of their patients signed assignments of benefits. *See* Compl., ¶¶ 266-267. Plaintiffs' pleading ignores that

---

[1] The court may properly consider the referenced plan documents because they are incorporated by referenced in the complaint and central to plaintiffs' claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Indeed, such documents will assist "the Court in making the elementary determination of whether a claim has been stated." *Id.* at 499.

the HCA Plan expressly prohibits assignments and voids any assignments obtained in contravention of its anti-assignment provisions. Without valid assignments of benefits from their patients, the medical provider plaintiffs have no standing to assert ERISA claims on behalf of plan participants and beneficiaries in the HCA Plan. *See* 29 U.S.C. § 1132(a).

ERISA does not provide participants and beneficiaries with an absolute right to assign rights and benefits under their ERISA benefit plans. In fact, courts consistently hold that plan provisions prohibiting participants and beneficiaries from assigning rights, claims or benefits to third parties, including providers, are valid and enforceable. *See LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.,* 298 F.3d 348, 351-53 (5th Cir. 2002) (holding anti-assignment provision at issue voided any purported assignment obtained by medical provider-plaintiff); *see also Griffin v. Verizon Commc'ns, Inc.,* 641 Fed. Appx. 869, 873 (11th Cir. 2016) (assignment obtained from patient was void due to anti-assignment provision in plan; healthcare provider failed to acquire a cause of action under ERISA); *Davidowitz v. Delta Dental Plan of Ca., Inc.,* 946 F.2d 1476, 1478 (9th Cir. 1991) (ERISA benefits are not assignable in the face of an express anti-assignment clause in the plan); *Sleep Lab at W. Houston v. Tex. Children's Hosp.,* 2015 WL 3507894, *6-8 (S.D. Tex. June 2, 2015) (granting motion to dismiss healthcare provider's ERISA claims for lack of standing where plan contained express anti-assignment clause); *Quaresma v. BC Life & Health Ins. Co.,* 623 F. Supp. 2d 1110, 1128-29 (E.D. Cal. 2007) (same).

Because plaintiffs cannot, as a matter of law, demonstrate they have derivative standing to assert their ERISA claims against the HCA Defendants, their complaint must be dismissed.

**B.     Plaintiffs' purported assignments do not convey the right to assert any ERISA claims other than a benefit claim.**

As discussed above, the terms of the HCA Plan bar plaintiffs' lawsuit. But even assuming the HCA Plan did not prohibit assignments to providers, plaintiffs' allegations still fail to demonstrate standing to assert any ERISA claim against the HCA Defendants other than a claim for benefits under ERISA § 502(a)(1)(B).

Counts 2, 3 and 5 and a portion of Count 1 are all premised upon the HCA Defendants' alleged breaches of fiduciary duty or the alleged failure to comply with fiduciary duties under ERISA (*i.e.,* the failure to provide a "full and fair review"). *See, e.g.,* Compl., ¶¶ 262, 324, 327-332, 335, 341. However, fiduciary breach claims "are not assigned by implication or by operation of law." *Texas Life, Acc. Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.,* 105 F.3d 210, 218 (5th Cir. 1997). Instead, courts look to the plain language of the assignment itself to determine whether there has been a proper assignment of the right to assert claims for breaches of fiduciary duty. "[O]nly an ***express and knowing*** assignment of an ERISA fiduciary breach claim is valid." *Id.* (emphasis added); *Sleep Lab at W. Hous.*, 2015 WL 3507894 at *6 (same).

Here, plaintiffs' purported assignments provide as follows:

I hereby convey to the above named provider(s), to the full extent permissible under the laws, including but not limited to ERISA §502(a)(1)(B) and §502(a)(3), under any applicable employee group health plan(s), insurance policies or public policies, any benefit claim, liability or tort claim, chose in action, appropriate equitable relief, surcharge remedy or other right I have to such group health plans, health insurance issuers or tortfeasor insurer(s) ***with respect to any and all medical expenses legally incurred as a result of the medical service I received from the above named providers,*** and to the full extent permissible under the laws to claim or lien ***such medical benefits, settlement, insurance reimbursement*** and any applicable remedies . . . .

Compl., ¶ 266 (emphasis added). On their face, the alleged assignments convey only: (1) the right to pursue a benefit claim or other relief <u>with respect to medical expenses incurred</u>, or (2) the right to claim or lien any medical benefits or reimbursements due. As pleaded, none of plaintiffs' fiduciary breach claims or claims seeking the removal of plan fiduciaries are claims that accrued with respect to medical expenses incurred. The only claim asserted "with respect to medical expenses legally incurred as a result of . . . medical service" is plaintiffs' ERISA § 502(a)(1)(B) benefit claim (Count 1).

Moreover, plaintiffs' assignments do not – as they must – include any ***express*** or ***knowing*** reference to an ERISA fiduciary breach claim. The assignments contain a vague reference to "§502(a)(3)," but no participant or beneficiary would reasonably construe the language of plaintiffs' assignment as conveying the right to sue for an ERISA fiduciary breach or for the failure to conduct a full and fair review. In fact, the word "fiduciary" does not appear anywhere in the assignments. Nor do plaintiffs' assignments contain any reference to ERISA § 502(a)(2) or the "removal of a plan fiduciary," which appear to be the focus of Counts 2 and 5.

Finally, the purported assignments do not convey proper standing for plaintiffs to assert Court 4, which seeks statutory penalties for failure to produce plan documents. An assignee's derivative standing to sue under ERISA is limited in scope to the subject matter of the assignment. *See Sleep Lab at W. Hous.,* 2015 WL 3507894, at *8. Because the purported assignments make no mention of the right to assert a cause of action for penalties pursuant to ERISA § 502(c), plaintiffs lack standing to assert such claim. *See id.* (dismissing claim under ERISA § 502(c)) (citing *Sanctuary Surgical Ctr., Inc. v. Aetna Inc., 546* F. Appx. 846, 852 (11th Cir.2013)); *see also Eden Surgical Ctr. v. B. Braun Med. Inc.,* 420 Fed. Appx. 696, 697 (9th Cir.

2011) (affirming dismissal of ERISA § 502(c) claim because assignment did not convey right to seek statutory penalties under ERISA).

## II. Plaintiffs' "non-benefit" ERISA claims fail as a matter of law for myriad additional reasons.

Plaintiffs' claims under ERISA §§ 502(a)(3), 502(a)(2) & 502(c) (a portion of Count 1 and Counts 2 through 5) fail for a variety of reasons. First, they are not asserted against the proper ERISA party. Second, plaintiffs' ERISA § 502(a)(3) claims must be dismissed because they are improperly duplicative of plaintiffs' already pleaded ERISA § 502(a)(1)(B) claim for benefits. Third, to the extent Counts 2 and 5 are premised upon ERISA § 502(a)(2), those counts must be dismissed because they fail to allege any facts to invoke that section of ERISA.

### A. Sabrina Ruderer is not a proper party to any of plaintiffs' ERISA claims.

Plaintiffs assert their ERISA claims against Sabrina Ruderer in her "official capacity as Plan Administrator of" the HCA Plan. Compl., ¶ 31. Sabrina Ruderer is not a proper party to any of plaintiffs' ERISA claims.

As to Count 4 – plaintiffs' claim for statutory penalties pursuant to ERISA § 502(c) – the only proper party to such a claim is the plan administrator. *See* 29 U.S.C. § 1132(c) ("[a]ny administrator . . . who fails or refuses to comply with a request for any information for which such administrator is required by this title to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable . . ."). Contrary to plaintiffs' conclusory assertion, Sabrina Ruderer is not the ERISA plan administrator of the HCA Plan. *See* Fleming Aff., Ex. 1, pp. 3 & 5 (identifying the HCA Plan Administrator); Ex. 2, p. 4 & 5 (same); Ex. 3, p. 4, 5, &6 (same).

Because plaintiffs have not asserted Count 4 against the plan administrator of the HCA Plan, Count 4 fails to state a claim.[2]

Sabrina Ruderer likewise is not a proper party to Counts 1, 2, 3 or 5. Sabrina Ruderer cannot be liable for any breach of fiduciary duty or other ERISA statutory violation because she is not a fiduciary with respect to any of the matters alleged in the complaint. The HCA Plan documents flatly contradict any notion that Sabrina Ruderer is a plan fiduciary or has any authority to make benefit determinations or handle benefit claims. In fact, Sabrina Ruderer is not a party to the HCA Plan at all. *See* Fleming Aff., Ex. 1, pp. 3 & 5 (excerpts from wrap plan document identifying the relevant ERISA parties to the plan, including the named plan fiduciary); Ex. 2, pp. 4 & 5 (same); Ex. 3, pp. 4, 5, & 6 (same).

### B. Counts 1 through 3 are improperly duplicative of plaintiffs' benefit claims under ERISA § 502(a)(1)(B).

When evaluating claims under ERISA § 502(a)(3), including claims for breach of fiduciary duty, courts focus on "the substance of the relief sought and the allegations pleaded, rather than the label used, and when a suit is, at bottom, a suit to recover plan benefits, a plaintiff may not simultaneously maintain a claim under Section 1132(a)(3)." *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 2014 WL 10212850, *9 (N.D. Tex. July 21, 2014) (internal citations omitted). A plaintiff pursuing a benefit claim may not also pursue fiduciary breach claims under ERISA § 502(a)(3) because that plaintiff already has adequate redress through ERISA § 502(a)(1). *See Tolson v. Avondale Indus.,* 141 F.3d 604, 610 (5th Cir.

---

[2] Plaintiffs were provided with complete copies of all governing plan documents with respect to each of the claims identified on Exhibit 1 to the complaint. In the event plaintiffs do not clarify in their opposition that Count 4 is not asserted against the HCA Defendants, the HCA Defendants will attach to their reply brief proof that all plan documents were previously produced. Such documentation is properly considered on the instant motion to dismiss because plaintiffs have incorporated the HCA Defendants' purported "responses" to their requests for plan documents by reference in the complaint. *See, e.g.,* Compl., ¶ 305.

1998); *see also Khan v. Am. Int'l Grp., Inc.*, 654 F. Supp. 2d 617, 625-26 (S.D. Tex. 2009). Indeed, "equitable" relief under ERISA § 502(a)(3) is foreclosed when a plaintiff seeks damages through a benefits claim under ERISA § 502(a)(1)(B). *See Musmeci v. Schwegmann Giant Super Mkts., Inc.,* 332 F.3d 339, 349 n.5 (5th Cir. 2003).

Despite their label, plaintiffs' fiduciary breach claims here are nothing more than dressed up benefit claims. Count 1 seeks damages of "at least $11 million in unpaid benefits" due to the alleged violation of the terms of the HCA Plan and the wrongful denial of benefits. *See* Compl., ¶¶ 319-320, 324-325. Count 2 asserts that (1) the HCA Defendants violated fiduciary duties "by making and upholding wrongful invalid adverse benefit determinations and/or doing so in an arbitrary and capricious fashion" that were contrary to the terms of the HCA Plan, and (2) plaintiffs are entitled to a "surcharge" to remedy the wrongful denial of benefits. *See* Compl., ¶¶ 329-330, 332; *see also id.*, ¶ 300 ("[b]y knowingly and willfully making, approving, and upholding these adverse benefit claims determinations . . . Defendants violated their fiduciary obligations under ERISA"). Count 3 alleges that the failure to provide a "full and fair review" of plaintiffs' benefit claims caused "[p]laintiffs' harm," which plaintiffs assert throughout their complaint to be millions of dollars in unpaid benefits. Compl., ¶ 336; *see also id.,* ¶ 310 (alleging defendants' continued refusal to overturn Cigna's benefit determinations constituted a failure to provide a full and fair review).

In short, because plaintiffs are already pursuing benefit claims – and have an adequate remedy via ERISA § 502(a)(1)(B) – they cannot simultaneously assert their ERISA § 502(a)(3) claims under Counts 1 through 3.

### C. Counts 2 and 5 fail to plead a cause of action under ERISA § 502(a)(2).

ERISA § 502(a)(2) provides for suits concerning fiduciary breaches that harm plans. *See* 29 U.S.C. § 1132(a)(2) & 29 U.S.C. § 1109(a). Any claim asserted pursuant to ERISA § 502(a)(2) must seek to restore losses to the plan. *Id.* Accordingly, ERISA § 502(a)(2) does not permit individual recovery. *See Harmon v. Bayer Bus.,* 2016 WL 397684, *7 (S.D. Tex. Jan. 29, 2016) (explaining that ERISA § 502(a)(2) provides causes of action for breaches of fiduciary duty only to the plan as a whole, as opposed to an individual participant or beneficiary) (citing *LaRue v. DeWolff, Boberg & Assoc.,* 552 U.S. 248, 256 (2008)).

Here, as plaintiffs' own pleading makes clear, Counts 2 and 5 seek remedies for harm caused to plaintiffs or to plan participants and beneficiaries individually. *See, e.g.,* Compl., ¶ 332 (Count 2) (alleging that "***plaintiffs are entitled to*** damages, equitable relief (including, but not limited to surcharge), and injunctive relief, including Defendants' removals as breaching fiduciaries and prohibition from ever serving as a plan fiduciary under ERISA § 502(a)(2)"); Compl., ¶ 341 (Count 5) (alleging that plaintiffs are seeking the removal of the defendant plan administrators because they "are continuously and irrevocably ***harming and injuring Plan Beneficiaries*** with no intention to stop"). Plaintiffs do not (nor can they) allege that the refusal to pay benefits harmed any of the self-funded defendant benefit plans. Nor do plaintiffs seek any relief on behalf of any benefit plan, nor would plaintiffs have standing to do so in any event. No remedy under ERISA § 502(a)(2) is therefore available to plaintiffs based on what is alleged in their complaint.

Plaintiffs' ERISA § 502(a)(2) claims under Counts 2 and 5 must therefore be dismissed. *See Harmon,* 2016 WL 397684, at *7 (dismissing ERISA § 502(a)(2) claims for breach of

fiduciary duty as a matter of law because claims sought recovery for plaintiffs' own individual injuries).

### III. Plaintiffs fail to state a claim for attorneys' fees under ERISA.

Plaintiff's claim for attorneys' fees is derivative of plaintiffs' other ERISA claims. Because all of plaintiffs' ERISA claims should be dismsised, plaintiffs' claim for attorneys' fees against the HCA Defendants has no independent existence and should also be dismissed.

## CONCLUSION

For the foregoing reasons, the HCA Defendants respectfully request that the Court grant their motion to dismiss, dismiss plaintiffs' complaint in its entirety and with prejudice as to the HCA Defendants, and grant and award the HCA Defendants such other relief as this Court deems just and proper, including an award of attorneys' fees.

Dated: September 6, 2016.

/s Randall A. Constantine
Randall A. Constantine, Georgia Bar No. 182444
Mazursky Constantine LLC
999 Peachtree Street
Suite 1500
Atlanta, GA 30309
404.888.8877
404.926.2977 (facsimile)
rconstantine@mazconlaw.com

Attorneys for Defendants HCA Health and Welfare Benefits Plan and Sabrina Ruderer

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

/s/ Randall A. Constantine
Randall A. Constantine
Georgia Bar No. 182444
MAZURSKY CONSTANTINE LLC
999 Peachtree Street
Suite 1500
Atlanta, Georgia 30309
404.888.8877
404.926.2977 (facsimile)
rconstantine@mazconlaw.com

Attorneys for Defendants HCA Health and Welfare Benefits Plan and Sabrina Ruderer

4848-8807-4807, v. 6